1  Thomas A. Steig, Esq. (Bar No. 119341); tsteig@pdalaw.com
   Grace C. Mori, Esq. (Bar No. 168812); gmori@pdalaw.com
2  **PRINDLE, DECKER & AMARO LLP**
3  310 Golden Shore, Fourth Floor
   P.O. Box 22711
4  Long Beach, CA 90802
5  Tel:    (562) 436-3946
6  Fax:    (562) 495-0564

7  **Attorneys for Specially Appearing Defendant,**
8  **STICKLE STEAM SPECIALTIES CO., INC.**

9                    **UNITED STATES DISTRICT COURT**
10                  **NORTHERN DISTRICT OF CALIFORNIA**
11

12

13  HARRY LEMASTER and          ) Case No.:  CV 08 3316 JCS        (PJH)
    CAROLYN LEMASTER,           )
14                              ) **NOTICE OF MOTION AND MOTION**
15          Plaintiffs,         ) **TO DISMISS BASED ON LACK OF**
                                ) **PERSONAL JURISDICTION**
16          v.                  )
                                ) **F.R.C.P. 12(b)(2)**
17                              )
18  ALLIS-CHAMLERS              ) **Date:        September 10, 2008**
    CORPORATION PRODUCT         ) **Time:        9:00 am**
19  LIABILITY TRUST, et al.,    ) **Courtroom:  3**
                                )
20                              ) **United States District Court Judge**
21          Defendants.         ) **Honorable Phyllis J. Hamilton**
                                )
22  ─────────────────────────────

23          TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

24          PLEASE TAKE NOTICE that on September 10, 2008, at 9:00 am, or as

25  soon thereafter as the matter may be heard in the above-entitled Court, located at

26  450 Golden Gate Avenue, San Francisco, California  94102, in Courtroom 3,

27  Defendant Stickle Steam Specialties Co., Inc. ("Stickle Steam") will enter a special

28  appearance to move this court for an order dismissing this defendant pursuant to

─────────────────────────────
NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO.:  CV 08 3316
(JCS)

1    *Federal Rule of Civil Procedure* 12(b)(2).  Said motion will be made on the

2    grounds that this Court lacks power to exercise personal jurisdiction as to

3    defendant Stickle Steam, in that no constitutionally-sufficient basis for jurisdiction

4    exists between said defendant and the State of California.

5          This motion is based on this Notice of Motion and Motion, the

6    Memorandum of Points and Authorities, the Declarations of R.H. "Bud" Stickle

7    and Thomas A. Steig filed herewith, the pleadings and papers on file herein, and

8    upon such other matters as may be presented to the Court at the time of the

9    hearing.

10

11   DATED: July 31, 2008          PRINDLE, DECKER & AMARO

12

13                                   By:_____

14                                        THOMAS A. STEIG
                                          Attorneys for Specially Appearing
15                                        Defendant,
                                          STICKLE STEAM SPECIALTIES CO.,
16                                        INC.

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO.:  CV 08 3316
(JCS)

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION AND STATEMENT OF ISSUE**

This is an asbestos-related personal injury lawsuit filed by plaintiffs Harry LeMaster and Carolyn LeMaster (collectively "plaintiffs"), who are currently California residents, against specially appearing defendant Stickle Steam Specialties Co., Inc. ("Stickle Steam"), an Indiana corporation. (Plaintiffs' complaint is attached as Exhibit "A" to the Declaration of Thomas A. Steig (the "Steig Decl."))[1] As against Stickle Steam, plaintiffs' complaint alleges causes of action for negligence, strict liability, false representation, loss of consortium, and premises owner/contractor liability. (See Exhibit "A," pgs. 1-3.) These causes of action are premised upon plaintiffs' contention that plaintiff Harry LeMaster was exposed to asbestos via the work clothes of his father, Harry LeMaster, Sr., who worked as a steamfitter for Stickle Steam in Indianapolis, Indiana, from approximately 1950 to 1952. *It is therefore undisputed that plaintiffs' claims against Stickle Steam arise solely from exposure which allegedly occurred while the LeMasters were residents of the State of Indiana.*

As set forth more fully in the points and authorities below, there is simply no rational connection or "nexus" between California and the parties, transactions and/or activities at issue as to Stickle Steam in this case. Consequently, Stickle Steam moves this court for an order dismissing it from this action.

II. **STATEMENT OF FACTS**

A. **CORPORATE HISTORY OF STICKLE STEAM**

Stickle Steam is a corporation that was incorporated on January 9, 1907, under and by virtue of the laws of the State of Indiana, and is still operating in that

---

[1] Plaintiffs' personal injury complaint was originally filed in the San Francisco Superior Court of California on or about May 21, 2008. (See Exhibit "A," to the Steig Decl.) Thereafter, on or about July 9, 2008, defendant Reliance Electric Company filed a Notice of Removal of Action to the Northern District Court of California. (See Notice of Removal attached as Exhibit "B," to the Steig Decl.)

1  capacity today. (Declaration of R.H. "Bud" Stickle (the "Stickle Decl.") at ¶ 2.)

2  Since its inception, Stickle Steam's principal place of business has been located at

3  2215 Valley Avenue in Indianapolis, Indiana. (Stickle Decl. at ¶ 6.)

4     Stickle Steam is not registered to conduct business in California. (Stickle

5  Decl. at ¶ 4; and Corporations Code § 2105.)  Stickle Steam does not pay any taxes

6  in California, and has no subsidiaries incorporated or qualified to do business in

7  California. (Stickle Decl. at ¶ 5.)  Stickle Steam has no employees or agents for

8  service of process in California, and has likewise never maintained any offices,

9  warehouses, bank accounts or real property in this state. (Stickle Decl. at ¶¶ 4, 6

10  and 7.)

11  **B.     THE TRANSACTIONS AND/OR ACTIVITIES AT ISSUE**

12     There is simply no evidence whatsoever even remotely establishing a link

13  between the transactions and/or activities at issue in this case and the State of

14  California.  Plaintiff's father, Harry L. LeMaster Sr., worked for Stickle Steam in

15  the State of Indiana from 1950 to 1952, thereby allegedly exposing his son, Harry

16  LeMaster, to asbestos dust brought home on his work clothes.  At the time of this

17  alleged exposure, the LeMasters were Indiana residents.

18     Aside from the instant lawsuit, Stickle Steam has no other connection with

19  the State of California.  Stickle Steam never had any plants, offices, or sales agents

20  in California, including the alleged period in question, 1950 to 1952.  (Stickle

21  Decl. at ¶¶ 3, 4 and 9.)  Stickle Steam did not engage in forum-directed acts of

22  "purposeful availment" sufficient to confer jurisdiction as to asbestos personal

23  injury claims arising out of its purported asbestos-related activities.

24     On June 19, 2008, the Summons and Complaint in this case were personally

25  served on Lynn Stickle, secretary/treasurer at Stickle Steam, at her place of

26  residence in Indianapolis, Indiana. (Stickle Decl., at ¶ 7.)  Stickle Steam has never

27  had an agent for service of process in the State of California.  (Stickle Decl., at ¶ 7)

28  Lynn Stickle's acknowledgement of service in Indiana does not in itself confer

-2-

NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO.:  CV 08 3316
(JCS)

1  personal jurisdiction as to Stickle Steam in any California courts.  (Stickle Decl. at

2  ¶ 8.)

3  **III.    STICKLE STEAM'S MOTION TO DISMISS MUST BE GRANTED**

4  **BECAUSE NONE OF THE "TRADITIONAL" BASES FOR**

5  **PERSONAL JURISDICTION EXIST AS STICKLE STEAM HAS NO**

6  **"CONTACTS" WITH THE STATE OF CALIFORNIA WHICH**

7  **WOULD JUSTIFY THE EXERCISE OF PERSONAL**

8  **JURISDICTION IN THIS CASE.**

9      Federal Rule of Civil Procedure 12(b)(2) states that"[e]very defense to a

10  claim for relief in any pleading must be asserted in the responsive pleading if one

11  is required. But a party may assert the defense by motion based on lack of personal

12  jurisdiction."

13      Personal jurisdiction is an essential element of a court's jurisdiction, without

14  which the court "is powerless to proceed to an adjudication."  (*Ruhrgas AG v.*

15  *Marathon Oil Co.* (1999) 526 U.S. 574.)  The three traditionally recognized bases

16  for exercise of personal jurisdiction are: (1) service within the forum state

17  (physical presence); (2) domicile within the state; and (3) consent or appearance in

18  the action. (*Pennoyer v. Neff* (1877) 95 U.S. 714, 733.)  State courts may also

19  exercise personal jurisdiction over non-resident defendants where "minimum

20  contacts" exist between the nonresident and the forum state. (*International Shoe*

21  *Co. v. Washington* (1945) 326 U.S. 310, 316.)

22      As we now explain, plaintiffs cannot establish the existence of personal

23  jurisdiction as to defendant Stickle Steam.

24  **A.    NONE OF THE "TRADITIONAL BASES" FOR PERSONAL**

25  **JURISDICTION EXIST AS TO STICKLE STEAM.**

26      At the outset, plaintiffs cannot establish that any of the traditional bases for

27  personal jurisdiction exist as to Stickle Steam for three reasons.  First, service was

28  not effected upon Stickle Steam within the State of California.  Rather, the

- 3 -

1    Summons and Complaint in this case were sent via personal service to Lynn
2    Stickle, secretary/treasurer at Stickle Steam, at her place of residence in
3    Indianapolis, Indiana. (Stickle Decl., at ¶ 7.)  Second, Stickle Steam is a
4    corporation that was organized under and by virtue of the laws of the State of
5    Indiana, which has never registered with the California Secretary of State's Office
6    to conduct business within the state, and has never maintained any offices in the
7    State of California. (Stickle Decl. at ¶¶ 4, 5, 6.)  Third, Stickle Steam does not
8    consent to jurisdiction in the State of California, has not previously appeared in
9    this action, and has timely raised the defense of lack of personal jurisdiction in
10   connection with the instant motion.  (Stickle Decl. at ¶ 8.)

11   **B.    STICKLE STEAM HAS NO OTHER "CONTACTS" WITH**
12   **THE STATE OF CALIFORNIA WHICH WOULD JUSTIFY**
13   **THE COURT'S EXERCISE OF PERSONAL JURISDICTION**
14   **IN THIS CASE.**

15   Absent one of the traditional bases for jurisdiction above (i.e., presence,
16   domicile or consent), due process requires that the non-resident defendant have
17   "certain minimum contacts with [the forum state] such that the maintenance of the
18   suit does not offend traditional notions of fair play and substantial justice."
19   (*International Shoe*, supra, 326 U.S. at p. 316.)

20   Non-resident defendants who engage in "substantial, continuous and
21   systematic" commercial activities within the forum state are subject to general
22   (unlimited) jurisdiction as to any cause of action – even those unrelated to
23   defendant's activities within the forum state. (*Perkins v. Benguet Consolidated*
24   *Mining Co.* (1952) 342 U.S. 437, 446-447; *Vons Cos., Inc. v. Seabest Foods, Inc.*
25   (1996) 14 Cal.4th 434, 446 ["[s]uch a defendant's contacts with the forum are so
26   wide-ranging that they take the place of physical presence in the forum state as a
27   basis for jurisdiction"].)  Moreover, even if a non-resident defendant's "contacts"
28   with the forum state are not sufficiently continuous and systematic for general

-4-

NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO.:  CV 08 3316
(JCS)

1  jurisdiction, the defendant may still be subject to "limited" or "specific"

2  jurisdiction on claims related to its activities or contacts there.  However, such

3  "limited" or "specific" personal jurisdiction requires a showing that: (1) the non-

4  resident defendant purposefully directed its activities at forum residents or

5  otherwise purposefully availed itself of the privilege of conducting activities

6  within the forum state; (2) plaintiff's causes of action arise out of or are related to

7  the non-resident defendant's forum-related activities; and (3) the forum state's

8  exercise of personal jurisdiction in the particular case comports with fair play and

9  substantial justice.  (*Hanson v. Denckla* (1958) 357 U.S. 235, 253-254; *Burger*

10  *King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 477-478; *Vons Cos*, supra, 14

11  Cal.4th at p. 446.)

12     In products liability actions such as the one at hand, the issue is whether the

13  mere fact that the "stream of commerce" brings the non-resident's product into the

14  forum state is enough "contact" to support personal jurisdiction over the non-

15  resident.  A manufacturer or national distributor may be subject to personal

16  jurisdiction wherever the product causes injury.  Local courts may property "assert

17  personal jurisdiction over a corporation that delivers its products into the stream of

18  commerce with the expectation that they will be purchased by consumers in the

19  forum State."  (*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286,

20  297-298.)

21     Furthermore, the relevant period during which "minimum contacts" must

22  have existed is when the cause of action arose rather than when the complaint was

23  filed or served.  (See *Boaz v. Boyle* (1995) 40 Cal.App.4th 700, 717.)  In the

24  instant case, plaintiffs have not alleged that Stickle Steam's alleged asbestos-

25  containing products caused an injury in California during the relevant period.

26  Rather, plaintiffs' complaint alleges that the asbestos exposure plaintiff Harry

27  LeMaster allegedly sustained as a result of his father's employment at Stickle

28  Steam, an Indiana corporation, occurred ***while the LeMasters were Indiana***

- 5 -

1    **residents.**  (See Exhibit "A," at pg. 6, lines 9-14.)  Plaintiffs further allege that he

2    was exposed to asbestos during his father's employment with Stickle Steam, an

3    Indiana corporation, from 1950 to 1952. (See Exhibit "A," at pg. 6, lines 9-14.)

4        In short, Stickle Steam has had no contacts with the State of California

5    which would even remotely justify the court's exercise of general or

6    limited/specific personal jurisdiction, as evidenced by the following facts:

7        (1)    Stickle Steam is a corporation that was incorporated under and by

8            virtue of the laws of the State of Indiana, with its principal place of

9            business in Indianapolis, Indiana.  (Stickle Decl. at ¶¶ 2 and 6.)

10       (2)    Stickle Steam does not pay any taxes in California or maintain any

11           bank or saving and loan accounts in California.  (Stickle Decl. at ¶ 5.)

12       (3)    Stickle Steam has no subsidiaries incorporated or qualified to do

13           business in California.  (Stickle Decl. at ¶ 5.)

14       (4)    Stickle Steam has never owned, leased, possessed, and/or maintained

15           any real property in the State of California.  (Stickle Decl. at ¶ 6.)

16       (5)    Stickle Steam has never rented, operated or otherwise maintained any

17           offices or warehouses in the State of California, and has no employees

18           or sales representatives who reside in the State of California.  (Stickle

19           Decl., at ¶ 6.)

20       (6)    Stickle Steam has never registered with the Office of the Secretary of

21           California, and has no offices, headquarters, or sales agents in

22           California.  (Stickle Decl., at ¶ 4.)

23       (7)    Stickle Steam has never had an agent for service of process in the

24           State of California.  (Stickle Decl. at ¶ 7.)

25       Given these facts, it cannot reasonably be said that plaintiffs' claims in any

26   way relate to activities conducted by Stickle Steam in the State of California to

27   satisfy the due process clause.  California cases have consistently held that "merely

28   knowing the product will enter California, without having some control over its

- 6 -

NOTICE OF MOTION AND MOTION TO DISMISS - CASE NO.:  CV 08 3316
(JCS)

1  ultimate destination, does not satisfy the due process clause." (*Carretti v. Italpast*
2  (2002) 101 Cal.App.4th 1236, 1246.)  Because there is no admissible evidence
3  even remotely establishing that Stickle Steam purposefully directed its activities at
4  California residents or otherwise purposefully availed itself of the privilege of
5  conducting activities within California, exercise of personal jurisdiction in this
6  case would not comport with principles of fair play and substantial justice.
7  Consequently, dismissal of Stickle Steam on grounds of lack of personal
8  jurisdiction is warranted.

9  **III.    CONCLUSION**

10        For the foregoing reasons, defendant Stickle Steam respectfully submits that
11  no constitutionally-sufficient basis for personal jurisdiction exists between itself
12  and the State of California.  Accordingly, Stickle Steam moves this court for an
13  order dismissing it from this action based on lack of personal jurisdiction.

14

15  DATED: July 3/, 2008            PRINDLE, DECKER & AMARO

16

17                                  By: _____

18                                  THOMAS A. STELG
                                    Attorneys for Specially Appearing
19                                  Defendant,
20                                  STICKLE STEAM SPECIALTIES CO.,
                                    INC.
21

22

23

24

25

26

27

28

- 7 -

1  Thomas A. Steig, Esq. (Bar No. 119341)
   Grace C. Mori, Esq. (Bar No. 168812)
2  **PRINDLE, DECKER & AMARO LLP**
3  310 Golden Shore, Fourth Floor
   P.O. Box 22711
4  Long Beach, CA 90802
5  Tel:    (562) 436-3946
   Fax:    (562) 495-0564
6
7  **Attorneys for Specially Appearing Defendant,**
8  **STICKLE STEAM SPECIALTIES CO., INC.**

9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12

13  HARRY LEMASTER and          ) **Case No.:  CV 08 3316 (JCS)**
    CAROLYN LEMASTER,           )
14                              ) **DECLARATION OF R.H. BUD STICKLE**
15              Plaintiffs,     ) **IN SUPPORT OF MOTION TO DISMISS**
                                ) **BASED ON LACK OF PERSONAL**
16          v.                  ) **JURISDICTION**
                                )
17                              )
18  ALLIS-CHAMLERS             ) **Date:          September 10, 2008**
    CORPORATION PRODUCT         ) **Time:          9:00 am**
19  LIABILITY TRUST, et al.,    ) **Courtroom:    3**
                                )
20                              ) **United States District Court Judge**
21          Defendants.         ) **Honorable Phyllis J. Hamilton**
                                )
22  _____

23  ///

24  ///

25  ///
26
27  ///

28
                                  -1-
    _____
    DECLARATION OF R.H. "BUD" STICKLE IN SUPPORT OF MOTION TO DISMISS FOR
                  LACK OF PERSONAL JURISDICTION

I, R.H. "Bud" Stickle, hereby declare as follows:

1.    I am the President of specially appearing defendant Stickle Steam Specialties Co., Inc. ("Stickle Steam"). I make this declaration in support of Stickle Steam's Motion to Dismiss for Lack of Personal Jurisdiction in connection with the action entitled *Harry LeMaster and Carolyn LeMaster v. Allis-Chamlers Corporation Product Liability Trust, et al.*, United States District Court, Northern District of California, Court Case No. CV 08 3316 JCS. The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.    I have been the President of Stickle Steam since 1976. I am intimately familiar with Stickle Steam's corporate history, as well as its day-to-day operations. Stickle Steam is a family run business that was first incorporated by my great, great uncle. Stickle Steam is a corporation that was incorporated under and by virtue of the laws of the State of Indiana on January 9, 1907, and is still operating in that capacity today.

3.    Plaintiffs have alleged in their personal injury complaint that plaintiff Harry LeMaster was exposed to asbestos from the work clothes of his father, Harry L. LeMaster Sr., who worked as a steamfitter for Stickle Steam, located in Indianapolis, Indiana, from approximately 1950 to 1952. The alleged exposure occurred while the LeMasters were residents of the State of Indiana. Plaintiffs' complaint alleges causes of action for negligence, strict liability, false representation, loss of consortium, and premises owner/contractor liability.

4.    Stickle Steam has not purposefully directed its business in the State of California and has never registered with the Office of the Secretary of the State of California. Furthermore, Stickle Steam has never had any plants, offices, employees, headquarters, or sales agents in California.

-2-

DECLARATION OF R.H. "BUD" STICKLE IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION

1

2      5.    Stickle Steam does not pay any taxes in California or maintain any

3  bank or saving and loan accounts in California. Stickle Steam has no subsidiaries

4  incorporated or qualified to do business in California.

5      6.    Since its inception, Stickle Steam's principal place of business has

6  been located at 2215 Valley Avenue in Indianapolis, Indiana 46218. It never

7  owned, leased, possessed, and/or maintained any real property in the State of

8  California. Stickle Steam has likewise never rented, operated or otherwise

9  maintained any offices or warehouses in the State of California, and has no

10  employees or sales representatives who reside in the State of California.

11      7.    On June 19, 2008, the Summons and Complaint in this case were

12  personally served on Lynn Stickle, secretary/treasurer at Stickle Steam, at her

13  place of residence in Indianapolis, Indiana. Stickle Steam has never had an agent

14  for service of process in the State of California.

15      8.    Stickle Steam has not previously appeared in this action, and does not

16  consent to jurisdiction in the State of California.

17      9.    All of Stickle Steam's employees/officers who may have knowledge

18  of facts relating to Harry L. LeMaster Sr.'s employment reside in the State of

19  Indiana.

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

-3-

DECLARATION OF R.H. "BUD" STICKLE IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION

1      10.    The cost of obtaining the attendance of witnesses at depositions

2  and at trial here in California will be an extreme hardship for Stickle Steam, not

3  just in terms of airfare, hotels, transportation and other costs associated with travel,

4  but also in terms of its employees' lost time at work and the accompanying loss of

5  revenue.

6      I declare under penalty of perjury under the laws of the State of California

7  that the foregoing is true and correct. Executed this _3 1_ day of July, 2008, at

8  Indianapolis, Indiana.

R.H. "BUD" STICKLE - Declarant

-4-

DECLARATION OF R.H. "BUD" STICKLE IN SUPPORT OF MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION

1  Thomas A. Steig, Esq. (Bar No. 119341); tsteig@pdalaw.com
   Grace C. Mori, Esq. (Bar No. 168812); gmori@pdalaw.com
2  **PRINDLE, DECKER & AMARO LLP**
3  310 Golden Shore, Fourth Floor
   P.O. Box 22711
4  Long Beach, CA 90802
5  Tel:    (562) 436-3946
6  Fax:    (562) 495-0564

7  **Attorneys for Specially Appearing Defendant,**
8  **STICKLE STEAM SPECIALTIES CO., INC.**

9
           **UNITED STATES DISTRICT COURT**
10
         **NORTHERN DISTRICT OF CALIFORNIA**
11

12

13  HARRY LEMASTER and          ) **Case No.: CV 08 3316 JCS      (PJH)**
    CAROLYN LEMASTER,           )
14                              ) **DECLARATION OF THOMAS A. STEIG**
                                ) **IN SUPPORT OF MOTION TO DISMISS**
15          Plaintiffs,         ) **BASED ON LACK OF PERSONAL**
                                ) **JURISDICTION**
16      v.                      )
                                )
17                              )
                                )
18  ALLIS-CHAMLERS              ) **Date:          September 10, 2008**
    CORPORATION PRODUCT         ) **Time:          9:00 am**
19  LIABILITY TRUST, et al.,    ) **Courtroom:   3**
                                )
20                              ) **United States District Court Judge**
          Defendants.          ) **Honorable Phyllis J. Hamilton**
21                              )

22

23  ///

24  ///

25  ///

26

27                                  - 1 -

28  _____
    DECLARATION OF THOMAS A. STEIG IN SUPPORT OF MOTION TO
    DISMISS - CASE NO.: CV 08 3316 (JCS)

1    I, Thomas A. Steig, hereby declare as follows:

2    1.    I am an attorney, duly licensed to practice law in all courts of the

3 State of California, and am a partner with the law firm of Prindle, Decker &

4 Amaro LLP, counsel for specially appearing defendant Stickle Steam Specialties

5 Co., Inc. ("Stickle Steam"). I make this declaration in support of Stickle Steam's

6 Motion to Dismiss based on Lack of Personal Jurisdiction in connection with the

7 action entitled *Harry LeMaster and Carolyn LeMaster v. Allis-Chamlers*

8 *Corporation Product Liability Trust, et al.*, United States District Court, Northern

9 District of California, Court Case No. CV 08 3316 JCS. The facts set forth herein

10 are true of my own personal knowledge, and if called upon to testify thereto, I

11 could and would competently do so under oath.

12    2.    Attached hereto as Exhibit "A" is a true and correct copy of summons

13 and plaintiffs Harry LeMaster and Carolyn LeMaster's personal injury complaint

14 filed in the San Francisco Superior Court dated May 21, 2008.

15    3.    Attached hereto as Exhibit "B" is a true and correct copy of defendant

16 Reliance Electric Company's Notice of Removal of Action to the Northern District

17 Court of California dated July 9, 2008.

18    I declare under penalty of perjury under the laws of the State of California

19 that the foregoing is true and correct. Executed this _3/_ day of July, 2008, in San

20 Francisco, California.

21

22

THOMAS A. STEIG - Declarant

23

24

25

26

27

28

- 2 -

DECLARATION OF THOMAS A. STEIG IN SUPPORT OF MOTION TO
DISMISS - CASE NO.: CV 08 3316 (JCS)

# EXHIBIT A

SERVED THRU 6/19 @ HOME

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASBESTOS DEFENDANTS (B✠P)
As Reflected on Exhibits B, B-1, C, G, H, I; and DOES 1-8500;
and SEE ATTACHED LIST.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HARRY LEMASTER and CAROLYN LEMASTER

P1

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-08-274669

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)*
DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✠PURCELL LLP
222 Rush Landing Road,  Novato, CA 94948-6169        (415) 898-1555

DATE: MAY 21 2008    *Gordon Park-Li*    Clerk, by    P. NATT    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe #1 + 1001
3. ☒ on behalf of *(specify):* Stickle Steam Specialties Co Inc

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association of partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST
   AMERICAN STANDARD, INC.
2  ASBESTOS CORPORATION LIMITED
   GENERAL DYNAMICS CORPORATION
3  BUCYRUS INTERNATIONAL, INC.
   CROWN CORK & SEAL COMPANY, INC.
4  C.C. MOORE & CO. ENGINEERS
   JOHN CRANE, INC.
5  CRANE CO.
   THE GOODYEAR TIRE & RUBBER COMPANY
6  EATON ELECTRICAL INC.
   ROCKWELL AUTOMATION, INC.
7  THOMAS DEE ENGINEERING CO., INC.
   FOSTER WHEELER, LLC ( FKA FOSTER WHEELER CORPORATION)
8  GARLOCK SEALING TECHNOLOGIES, LLC
   GENERAL ELECTRIC COMPANY
9  LAMONS GASKET COMPANY
   METALCLAD INSULATION CORPORATION
10 OWENS-ILLINOIS, INC.
   PARKER-HANNIFIN CORPORATION
11 PLANT INSULATION COMPANY
   QUINTEC INDUSTRIES, INC.
12 RAPID-AMERICAN CORPORATION
   STICKLES STEAM COMPANY
13 UNION CARBIDE CORPORATION
   UNIROYAL HOLDING, INC.
14 VIACOM, INC.
   WESTERN MacARTHUR COMPANY
15 MacARTHUR COMPANY
   WESTERN ASBESTOS COMPANY
16 HONEYWELL INTERNATIONAL, INC.
   GENERAL MOTORS CORPORATION
17 MONTGOMERY WARD & COMPANY, INC.
   SQUARE D COMPANY
18 THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA
   THE ALDRICH COMPANY, INC.
19 CARRIER CORPORATION
   IMO INDUSTRIES, INC.
20 INGERSOLL-RAND COMPANY
   LESLIE CONTROLS, INC.
21 RELIANCE ELECTRIC COMPANY
   GLOBAL STEAM TRAPS
22 HOPEMAN BROTHERS, INC.
   J.T. THORPE & SON, INC.
23 ACTUANT CORPORATION
   METROPOLITAN LIFE INSURANCE COMPANY
24 GATKE CORPORATION
   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
25 UNDERWRITERS LABORATORIES, INC.
   PNEUMO ABEX LLC
26 and DOES 1-8500,

27      Defendants.

28 Harry LeMaster and Carolyn LeMaster vs. Asbestos Defendants (B❖P)
   San Francisco Superior Court

CASE NUMBER: CGC-08-274669  HARRY LEMASTER et al VS. ASBESTOS DEFENDANTS (B

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

> DATE:    APR-16-2009
>
> TIME:    1:30PM
>
> PLACE:   Department 206
>          400 McAllister Street
>          San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.3 and 3.4.

> CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID R. DONADIO, ESQ., STATE BAR NO. 154436<br>BRAYTON✦PURCELL LLP<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>   TELEPHONE NO: (415) 898-1555     FAX NO: (415) 898-1247<br>ATTORNEY FOR *(Name):* Plaintiff(s) | **ENDORSED**<br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>MAY 2 1 2008<br><br>GORDON PARK-LI, Clerk<br>PARAM NATT<br>BY:<br>   Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
   STREET ADDRESS:    400 McAllister Street
   MAILING ADDRESS:
   CITY AND ZIP CODE:  San Francisco, CA  94102
   BRANCH NAME:

| CASE NAME:<br>HARRY LEMASTER and CAROLYN LEMASTER vs. ASBESTOS DEFENDANTS (B✦P) | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>☒ Unlimited   ☐ Limited<br>   (Amount        (Amount<br>   demanded      demanded is<br>   exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CGC - 08 - 274669<br>JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below of the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | (Cal. Rules of Court, rules 3.400-3.403)<br>☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | ☐ Other Collections (09)<br>☐ Insurance coverage (18) | ☐ Construction defect (10)<br>☐ Mass tort (40) |
| ☒ Asbestos (04)<br>☐ Product Liability (24) | ☐ Other contract (37)<br>Real Property | ☐ Securities litigation (28)<br>☐ Environmental / Toxic tort (30) |
| ☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>   condemnation (14) | ☐ Insurance coverage claims arising from the<br>   above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort<br>☐ Business tort/unfair business practice (07) | ☐ Wrongful eviction (33)<br>☐ Other real property (26) | Enforcement of Judgment<br>☐ Enforcement of judgment (20) |
| ☐ Civil rights (08)<br>☐ Defamation (13) | Unlawful Detainer<br>☐ Commercial (31) | Miscellaneous Civil Complaint<br>☐ RICO (27) |
| ☐ Fraud (16)<br>☐ Intellectual property (19) | ☐ Residential (32)<br>☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence(25)<br>☐ Other non-PI/PD/WD tort (35) | Judicial Review<br>☐ Asset forfeiture (05) | Miscellaneous Civil Petition<br>☐ Partnership and corporate governance (21) |
| Employment<br>☐ Wrongful termination (36) | ☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☒ is not  complex under rule 3.400 of the California Rules of Court.  If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination and related actions pending in one or more courts
        issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial post-judgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 10
5. This case ☐ is   ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/20/08

David R. Donadio
(TYPE OR PRINT NAME)                          ▶ _____
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet shall be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal.Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>LexisNexis® Automated California Judicial Council Forms |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

LexisNexis® Automated California Judicial Council Forms

1   DAVID R. DONADIO, ESQ., S.B. #154436
    JOHN B. GOLDSTEIN, ESQ., S.B. #198188
2   BRAYTON✛PURCELL LLP
    Attorneys at Law
3   222 Rush Landing Road
    P.O. Box 6169
4   Novato, California 94948-6169
    (415) 898-1555
5
    Attorneys for Plaintiffs
6

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

MAY 2 1 2008

CASE MANAGEMENT CONFERENCE SET GORDON PARK-LI, Clerk
BY: _____ PARAM NATT
                              Deputy Clerk

APR 1 6 2009   -1¹⁵PM

DEPARTMENT 206

7

8                    SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11  HARRY LEMASTER and                    ) ASBESTOS
    CAROLYN LEMASTER,                      ) No.
12                                         )
                  Plaintiffs,              ) C G C - 0 8 - 2 7 4 6 6 9
13                                         ) COMPLAINT FOR PERSONAL INJURY
    vs.                                    ) AND LOSS OF CONSORTIUM -
14                                         ) ASBESTOS
    ASBESTOS DEFENDANTS (B✛P)              )
15  As Reflected on Exhibits B, B-1, C, G, H, )
    I; and DOES 1-8500; and SEE           )
16  ATTACHED LIST.                         )

17

18      1.    Plaintiff HARRY LEMASTER was born July 23, 1938.

19      2.    The ©Brayton✛Purcell Master Complaint for Personal Injury [and Loss of

20  Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San

21  Francisco Superior Court.  A copy of the Master Complaint and General Order No. 55 may be

22  obtained upon request from Brayton✛Purcell, and designated portions of the Master Complaint

23  are incorporated by reference herein pursuant to the authority conferred by General Order No. 55.

24  Plaintiffs' claims are as set forth in said Master Complaint against defendants herein as follows:

25  ///                        THIS CASE IS SUBJECT TO
                              MANDATORY ELECTRONIC FILING
26  ///                        PURSUANT TO AMENDED G.O. 158

27  ///

28

BRAYTON✛PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

                                        1
K:\Injured\100521\cmp-plxpd2asm.wpd
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST
   AMERICAN STANDARD, INC.
2  ASBESTOS CORPORATION LIMITED
   GENERAL DYNAMICS CORPORATION
3  BUCYRUS INTERNATIONAL, INC.
   CROWN CORK & SEAL COMPANY, INC.
4  C.C. MOORE & CO. ENGINEERS
   JOHN CRANE, INC.
5  CRANE CO.
   THE GOODYEAR TIRE & RUBBER COMPANY
6  EATON ELECTRICAL INC.
   ROCKWELL AUTOMATION, INC.
7  THOMAS DEE ENGINEERING CO., INC.
   FOSTER WHEELER, LLC ( FKA FOSTER WHEELER CORPORATION)
8  GARLOCK SEALING TECHNOLOGIES, LLC
   GENERAL ELECTRIC COMPANY
9  LAMONS GASKET COMPANY
   METALCLAD INSULATION CORPORATION
10  OWENS-ILLINOIS, INC.
   PARKER-HANNIFIN CORPORATION
11  PLANT INSULATION COMPANY
   QUINTEC INDUSTRIES, INC.
12  RAPID-AMERICAN CORPORATION
   STICKLES STEAM COMPANY
13  UNION CARBIDE CORPORATION
   UNIROYAL HOLDING, INC.
14  VIACOM, INC.
   WESTERN MacARTHUR COMPANY
15  MacARTHUR COMPANY
   WESTERN ASBESTOS COMPANY
16  HONEYWELL INTERNATIONAL, INC.
   GENERAL MOTORS CORPORATION
17  MONTGOMERY WARD & COMPANY, INC.
   SQUARE D COMPANY
18  THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA
   THE ALDRICH COMPANY, INC.
19  CARRIER CORPORATION
   IMO INDUSTRIES, INC.
20  INGERSOLL-RAND COMPANY
   LESLIE CONTROLS, INC.
21  RELIANCE ELECTRIC COMPANY
   GLOBAL STEAM TRAPS
22  HOPEMAN BROTHERS, INC.
   J.T. THORPE & SON, INC.
23  ACTUANT CORPORATION
   METROPOLITAN LIFE INSURANCE COMPANY
24  GATKE CORPORATION
   AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
25  UNDERWRITERS LABORATORIES, INC.
   PNEUMO ABEX LLC
26  and DOES 1-8500,

27      Defendants.

28  Harry LeMaster and Carolyn LeMaster vs. Asbestos Defendants (B❖P)
   San Francisco Superior Court

| Cause of Action | DEFENDANTS* ON EXHIBITS | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
| First (Negligence) | ☒ | ☒ | | | | | ☒ | | | | ☐ | ☐ | ☐ |
| Second (Strict Liability) | ☒ | ☒ | | | | | ☒ | | | | ☐ | ☐ | ☐ |
| Third (False Representation) | ☒ | ☒ | ☒ | | | | ☒ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Fourth (Loss of Consortium) | | | ☒ | ☐ | | | ☒ | | | | | | ☐ |
| Fifth (Premises Owner/Contractor Liability) | | | ☒ | ☐ | | | ☒ | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | | | | ☒ | | | | | | ☐ |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | ☒ | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | ☒ | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☒ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☒ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Misrepresentation/Concealment) | | | | | | | | | ☒ | | | | |
| Nineteenth (Fraud/Deceit/Intentional Misrepresentation) | | | | | | | | | | ☐ | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

3.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

4.    Plaintiffs were married on July 25, 1959.

5.    (a) "Exposed persons" in paragraphs 21, 68 and 69 of the Master Complaint include plaintiff HARRY LEMASTER herein and plaintiff's father, Harry L. LeMaster.

6.    Plaintiff HARRY LEMASTER, during all relevant time periods, was an employee of defendant MONTGOMERY WARD & COMPANY, INC.  Plaintiff is not subject to the exclusive remedy provisions of Labor Code § 3601 because of the doctrine of dual capacity as it existed prior to 1982 as defined by the Courts of the State of California.  Plaintiff was exposed to asbestos and/or other toxic substances emanating from  employer defective products.  Such exposure caused injury.

7.    Plaintiffs' claims against defendant VIACOM, INC. (successor by merger to CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION) exclude military and federal government jobsites.

Dated: 5/20/08

BRAYTON❖PURCELL LLP

By: _____

David R. Donadio
Attorneys for Plaintiffs

K:\Injury\M109521\cmo-pkpdecsa.wpd

3

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT A**

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | U.S. Navy | Electricians Mate | 1956-1959 |
| | Naval Training Center, San Diego, CA; "A" School, San Diego, CA | Trainee | 1956 (24 weeks) |
| | HANSON (DDR-832) | Electricians Mate | 1956-1958 |
| | PIEDMONT (AD-17) | Electricians Mate | 1958-1959 |
| | Various shipyards and repair ports, including, but not limited to: Mare Island Naval Shipyard, Vallejo, CA; Todd Shipyard, San Francisco, CA | Electricians Mate | 1956-1959 |
| Sears Roebuck | Sears Roebuck & Co. El Monte, CA | Maintenance Electrician | 1959-1963 |
| | Sears Roebuck & Co. Los Angeles, CA | Maintenance Electrician | 1963-1967 |
| Montgomery Ward | Montgomery Ward, Napa, CA | Manager | 6 months in 1968 |
| U.S. Department of Defense | Mare Island Naval Shipyard, Vallejo, CA | Welder | 1968-1995 |
| | Various ships and submarines, including, but not limited to: DRUM (SSN-677) GUITARRO (SSN-665) HAWKBILL (SSN-666) PINTADO (SSN-672) MAUNA KEA (AE-22) | | |

///
///
///

EXHIBIT A

## EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Department of Defense (cont'd.) | Mare Island Naval Shipyard, Vallejo, CA • Shop 26 • Shop 51 | Apprentice Welder | 1968-1974 |
| | Mare Island Naval Shipyard, Vallejo, CA | Pipe Welder (Nuclear) | 1974-1976 |
| | Mare Island Naval Shipyard, Vallejo, CA | Nuclear Inspector | 1976-1995 |

### PARA-OCCUPATIONAL EXPOSURE

Plaintiff's father, Harry L. LeMaster worked as a steamfitter for the Stickles Steam Company, Indianapolis, Indiana, from approximately 1950-1952. Plaintiff's father returned from work every night in work clothes that were dusty and dirty, changing out of these clothes only after arriving home. Plaintiff currently contends that he was exposed to asbestos during his father's employment with Stickles Steam Company.

### NON-OCCUPATIONAL EXPOSURE

Plaintiff's father, Harry L. LeMaster performed automotive repair work, including brake replacement, on the family vehicles during the time plaintiff was growing up. Plaintiff's father worked on various vehicles including a used PONTIAC, BUICK and CHEVROLET. From age 8 or 9 and continuing until plaintiff left home, plaintiff assisted his father in brake replacement work. Plaintiff's father used a bellows to blow out dust from the brake assemblies. Plaintiff's father purchased replacement brakes from PEP BOYS, Indianapolis, Indiana; PEP BOYS, Los Angeles, California. Plaintiff's father used an emery cloth to lightly sand the new replacement brake shoes. Plaintiff currently contends that he was exposed to asbestos during this automotive repair work.

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothelioma, and/or other lung damage. Plaintiff was diagnosed with mesothelioma on or about April 2008.

Plaintiff retired from his last place of employment at regular retirement age. He has therefore suffered no disability from his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

**EXHIBIT B**

EXHIBIT B

DEFENDANTS

| | |
|---|---|
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST | QUINTEC INDUSTRIES, INC. |
| AMERICAN STANDARD, INC. | RAPID-AMERICAN CORPORATION |
| ASBESTOS CORPORATION LIMITED | UNION CARBIDE CORPORATION |
| GENERAL DYNAMICS CORPORATION | UNIROYAL HOLDING, INC. |
| BUCYRUS INTERNATIONAL, INC. | VIACOM, INC. |
| CROWN CORK & SEAL COMPANY, INC. | WESTERN MacARTHUR COMPANY |
| C.C. MOORE & CO. ENGINEERS | MacARTHUR COMPANY |
| JOHN CRANE, INC. | WESTERN ASBESTOS COMPANY |
| CRANE CO. | HONEYWELL INTERNATIONAL, INC. |
| THE GOODYEAR TIRE & RUBBER COMPANY | GENERAL MOTORS CORPORATION |
| EATON ELECTRICAL INC. | MONTGOMERY WARD & COMPANY, INC. |
| ROCKWELL AUTOMATION, INC. | SQUARE D COMPANY |
| THOMAS DEE ENGINEERING CO., INC. | THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA |
| FOSTER WHEELER, LLC ( FKA FOSTER WHEELER CORPORATION) | THE ALDRICH COMPANY, INC. |
| GARLOCK SEALING TECHNOLOGIES, LLC | CARRIER CORPORATION |
| GENERAL ELECTRIC COMPANY | IMO INDUSTRIES, INC. |
| LAMONS GASKET COMPANY | INGERSOLL-RAND COMPANY |
| METALCLAD INSULATION CORPORATION | LESLIE CONTROLS, INC. |
| OWENS-ILLINOIS, INC. | RELIANCE ELECTRIC COMPANY |
| PARKER-HANNIFIN CORPORATION | GLOBAL STEAM TRAPS |
| PLANT INSULATION COMPANY | STICKLES STEAM COMPANY |
| | DOES 1-800 |

ALTERNATE ENTITY

| | |
|---|---|
| ASBESTOS CORPORATION LIMITED | GENERAL DYNAMICS CORPORATION |
| GENERAL DYNAMICS CORPORATION | CONVAIR |
| | VULTEE AIRCRAFT INC. |
| | CONSOLIDATED VULTEE AIRCRAFT CORPORATION |
| | ASBESTOS CORPORATION LIMITED |
| BUCYRUS INTERNATIONAL, INC. | BUCYRUS-ERIE |
| | MARION POWER SHOVEL COMPANY, THE |
| | OSGOOD COMPANY |
| | GENERAL EXCAVATOR COMPANY |
| CROWN CORK & SEAL COMPANY, INC. | MUNDET CORK COMPANY |
| EATON ELECTRICAL INC. | CUTLER-HAMMER, INC. |
| | EATON CORPORATION |
| | YALE & TOWNE MANUFACTURING CO. |

///

///

///

EXHIBIT B

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| CRANE CO. | CRANE COMPANY |
| | CRANE PLUMBING & HEATING |
| | CRANE PUMPS & SYSTEMS, INC. |
| | CRANE SUPPLY |
| | BURK PUMPS |
| | MIDWEST PIPING CO. |
| | MIDWEST PIPING & SUPPLY CO. |
| | MIDWEST INVESTMENT |
| | PACIFIC STEEL BOILER CORPORATION |
| | PACIFIC VALVES |
| | CRANE VALVE GROUP |
| | DEMING PUMPS |
| | REPCAL BRASS MANUFACTURING CO. |
| | CHAPMAN VALVE COMPANY |
| | JENKINS BROS. |
| | |
| ROCKWELL AUTOMATION, INC. | ROCKWELL SPRING AND AXLE COMPANY |
| | TIMKEN-DETROIT AXLE COMPANY (THE) |
| | TIMKEN SILENT AUTOMATIC DIVISION |
| | ALLEN-BRADLEY COMPANY, LLC. |
| | ONEIDA ROSTONE CORPORATION |
| | ROSTONE CORPORATION |
| | |
| FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
| | |
| GARLOCK SEALING | GARLOCK, INC. |
| TECHNOLOGIES, LLC | COLTEC INDUSTRIES, INC. |
| | FAIRBANKS-MORSE |
| | FAIRBANKS MORSE ENGINES |
| | BELMONT PACKING & RUBBER CO. |
| | GARLOCK PACKING CO. |
| | U.S. GASKET CO. |
| | GOODRICH CORPORATION |
| | ENPRO INDUSTRIES, INC. |
| | |
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| | |
| LAMONS GASKET COMPANY | LAMONS METAL GASKET CO. |
| | POWER ENGINEERING AND EQUIPMENT COMPANY, INC. |
| | POWER ENGINEERING COMPANY |

///
///
///

EXHIBIT B

K:\Injured\109321\camp-plidcpl2exp.wpd

9

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION | SACOMA-SIERRA, INC.<br>SACOMA MANUFACTURING COMPANY<br>E.I.S. AUTOMOTIVE CORPORATION<br>CONDREN CORPORATION, THE<br>PARKER SEAL COMPANY |
| UNION CARBIDE CORPORATION | UNION CARBIDE CHEMICALS AND PLASTICS<br>COMPANY, INC.<br>UNION CARBIDE AND CARBON PRODUCTS<br>LINDE AIR PRODUCTS COMPANY |
| UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| VIACOM, INC. | CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND<br>MANUFACTURING COMPANY<br>B.F. STURTEVANT<br>KPIX TELEVISION STATION<br>PARAMOUNT COMMUNICATIONS, INC. |
| WESTERN MacARTHUR<br>COMPANY | WESTERN ASBESTOS CO.<br>MAC ARTHUR COMPANY<br>BAY CITIES ASBESTOS COMPANY<br>F.K. PINNEY, INC. |
| GENERAL MOTORS CORPORATION | NEW DEPARTURE<br>CHEVROLET<br>A.C. DELCO CO.<br>BUICK AUTOMOTIVE CORPORATION<br>CADILLAC<br>PONTIAC<br>LaSALLE<br>OLDSMOBILE<br>GM GOODWRENCH<br>ROCHESTER PRODUCTS DIVISION<br>EUCLID ROAD MACHINERY CO.<br>FRIDGIDAIRE (for exposure pre 4/9/1979) |
| CARRIER CORPORATION | UNITED TECHNOLOGIES HOLDING CORPORATION<br>DAY & NIGHT HEATING & AIR CONDITIONING<br>DAY & NIGHT MANUFACTURER COMPANY<br>PAYNE HEATING & AIR CONDITIONING<br>BRYANT HEATERS & BOILERS<br>STEWART BRYANT<br>CARRIER TRANSICOLD<br>ELLIOT COMPANY<br>CROCKER-WHEELER COMPANY |

///

///

EXHIBIT B

| | |
|---|---|
| | EXHIBIT B (cont'd.) |
| | ALTERNATE ENTITY |
| HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | HONEYWELL CONTROLS |
| | ALLIEDSIGNAL, INC. |
| | ALLIED-SIGNAL, INC. |
| | THE BENDIX CORPORATION |
| | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | BENDIX HOME SYSTEMS |
| | ALLIED CORPORATION |
| | ALLIED CHEMICAL CORPORATION |
| | GENERAL CHEMICAL CORPORATION |
| | FRAM |
| | FRICTION MATERIALS OF LOS ANGELES |
| | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| | STANLEY G. FLAGG & CO. |
| | MERGENTHALER LINOTYPE COMPANY |
| | ELTRA CORPORATION |
| | BUNKER RAMO-ELTRA CORPORATION |
| | UNION TEXAS NATURAL GAS CORPORATION |
| | UNION OIL AND GAS OF LOUISIANA |
| | UNION SULPHUR AND OIL CORPORATION |
| | UNION SULPHUR COMPANY, INC., THE |
| | MINNEAPOLIS-HONEYWELL REGULATOR COMPANY |
| | SIGNAL COMPANIES, INC., THE |
| | HANCOCK OIL COMPANY |
| | BARRETT DIVISION, ALLIED CHEMICAL & DYE CORPORATION |
| IMO INDUSTRIES, INC. | TRANSAMERICA DELAVAL, INC. |
| | ENTERPRISE ENGINE & MACHINERY CO. |
| | DE LAVAL STEAM TURBINE, INC. |
| | DELAVAL STEAM TURBINE |
| | DELAVAL INDUSTRIES INC. |
| | DE LAVAL TURBINE, INC. |
| | GENERAL METALS CORPORATION |
| | CROW CENTRIFUGAL PUMPS |
| LESLIE CONTROLS, INC. | LESLIE CO. |
| | LESLIE |
| | LESLIE EVENTEMP |
| | LESLIE TYFON |
| | LESLIE CONSTANTEMP |
| | LUBRASOFT |

///                                                                              EXHIBIT B

K:\Injures\10952\cmp-pleadicte.wpd

11
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

INGERSOLL-RAND COMPANY

INGERSOLL-DRESSER PUMP
DRESSER-RAND CO.
PACIFIC PUMP WORKS
FLOWSERVE CORPORATION
INGERSOLL ROCK DRILL COMPANY
TERRY STEAM TURBINE CO.
WHITON MACHINE COMPANY
RAND DRILL COMPANY
RAND & WARING DRILL AND COMPRESSOR COMPANY
INGERSOLL-SERGEANT
SCHLAGE LOCK COMPANY
VON DUPRIN
THE TORRINGTON COMPANY
BLAW-KNOX COMPANY
ALDRICH PUMPS

RELIANCE ELECTRIC COMPANY

RELIANCE ELECTRIC INDUSTRIAL COMPANY
FEDERAL PACIFIC ELECTRIC COMPANY
RELIANCE ELECTRIC & ENGINEERING COMPANY

EXHIBIT B

K:\Injuro\100521\comp-pltepd2exp.wpd

12

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT B-1**

**EXHIBIT B-1**

1

2  <u>DEFENDANTS</u>

3  HOPEMAN BROTHERS, INC.
   THOMAS DEE ENGINEERING CO., INC.
4  J.T. THORPE & SON, INC.
   DOES 1-800; DOES 1001-2000

5                                            <u>ALTERNATE ENTITY</u>

6  J.T. THORPE & SON, INC.          THE THORPE COMPANY
                                    THORPE PRODUCTS CO.
7                                   J.T. THORPE NORTHWEST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              EXHIBIT B-1

K:\Injured\109321\cmp-takpd2\cmp.wpd
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

EXHIBIT C

**EXHIBIT C**

<u>DEFENDANTS</u>

HOPEMAN BROTHERS, INC.                     STICKLES STEAM COMPANY
THOMAS DEE ENGINEERING CO., INC.           WESTERN MacARTHUR COMPANY
J.T. THORPE & SON, INC.                     MacARTHUR COMPANY
C.C. MOORE & CO. ENGINEERS                  WESTERN ASBESTOS COMPANY
PLANT INSULATION COMPANY                    DOES 1001-2000

| CONTRACTOR <u>DEFENDANTS</u> | <u>LOCATION</u> | <u>TIME PERIOD</u> |
|---|---|---|
| HOPEMAN BROTHERS, INC. | Various | Various |
| THOMAS DEE ENGINEERING CO., INC. | Various | Various |
| J.T. THORPE & SON, INC. | Various | Various |
| C.C. MOORE & CO. ENGINEERS | Various | Various |
| PLANT INSULATION COMPANY | Various | Various |
| STICKLES STEAM COMPANY | Various | 1950-1952 |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT C

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT G**

EXHIBIT G

DEFENDANTS

ACTUANT CORPORATION
DOES 4001-4999

K:\falsiroot\10952\\comp-plead1exp.wpd

18

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT H**

1

<u>EXHIBIT H</u>

2

<u>DEFENDANTS</u>

3   METROPOLITAN LIFE INSURANCE COMPANY      STUART-WESTERN, INC.
    PNEUMO ABEX LLC                          RITESET MANUFACTURING COMPANY
4   BORGWARNER MORSE TEC, INC.               ASBESTOS MANUFACTURING COMPANY
    HONEYWELL INTERNATIONAL, INC. (successor-in-   FIBRE & METAL PRODUCTS COMPANY
5      interest to ALLIEDSIGNAL, INC.)       LASCO BRAKE PRODUCTS
    THE BUDD COMPANY                         L.J. MILEY COMPANY
6   DAIMLERCHRYSLER CORPORATION              ROSSENDALE-RUBOIL COMPANY
    DANA CORPORATION                         SOUTHERN FRICTION MATERIALS COMPANY
7   FORD MOTOR COMPANY                       U.S. SPRING & BUMPER COMPANY
    GENERAL MOTORS CORPORATION               AUTO FRICTION CORPORATION
8   BRIDGESTONE/FIRESTONE                    EMSCO ASBESTOS COMPANY
       NORTH AMERICAN TIRE, LLC              FORCEE MANUFACTURING CORPORATION
9   LEAR SIEGLER DIVERSIFIED HOLDINGS CORP.  MOLDED INDUSTRIAL FRICTION CORPORATION
    MAREMONT CORPORATION                     NATIONAL TRANSPORT SUPPLY, INC.
10  MORTON INTERNATIONAL, INC.               SILVER LINE PRODUCTS, INC.
    PARKER-HANNIFIN CORPORATION              STANDCO, INC.
11  STANDARD MOTOR PRODUCTS, INC.            UNIVERSAL FRICTION MATERIALS COMPANY
    GATKE CORPORATION                        WHEELING BRAKE BLOCK  MANUFACTURING
12  GARLOCK SEALING TECHNOLOGIES, LLC           COMPANY
    BRASSBESTOS BRAKE LINING COMPANY         OWENS-ILLINOIS, INC.
13  H. KRASNE MANUFACTURING COMPANY          BELL ASBESTOS MINES LTD.
    AUTO SPECIALTIES MANUFACTURING COMPANY   DOES5000-8000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                              EXHIBIT H

K:\leluneh\09521\cmp-p3cp4lcap.wpd                      20
COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

**EXHIBIT I**

**EXHIBIT I**

DEFENDANTS

METROPOLITAN LIFE INSURANCE COMPANY
OWENS-ILLINOIS, INC.
PNEUMO ABEX LLC
GATKE CORPORATION
GARLOCK SEALING TECHNOLOGIES, LLC
AMERICAN CONFERENCE OF GOVERNMENTAL INDUSTRIAL HYGIENISTS, INC.
UNDERWRITERS LABORATORIES, INC.
DOES5000-7500

EXHIBIT I

COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

1  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON❖PURCELL LLP
2  Attorneys at Law
   222 Rush Landing Road
3  P.O. Box 6169
   Novato, California  94948-6169
4  (415) 898-1555

5  Attorneys for Plaintiffs

6

7

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

MAY 2 1 2008

GORDON PARK-LI, Clerk
BY: _____PARAM NATT_____
Deputy Clerk

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN FRANCISCO

10

11  HARRY LEMASTER and              )   ASBESTOS
    CAROLYN LEMASTER,               )   No.   C G C - 0 8 - 2 7 4 6 6 9
12                                  )
              Plaintiffs,           )
13                                  )   PRELIMINARY FACT SHEET/NEW
    vs.                             )   FILING/ASBESTOS LITIGATION
14                                  )
    ASBESTOS DEFENDANTS (B❖P)       )
15  _____)   (See General Order No. 129, In Re:
                                        Complex Asbestos Litigation)
16

17                           NOTICE

18  TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE
    SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF
19  SAN FRANCISCO

20       You have been served with process in an action which has been designated by the Court
    as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This
21  litigation bears the caption "In Re:  Complex Asbestos Litigation", [San Francisco Superior
    Court No. 828684].
22
         This litigation is governed by various general orders, some of which affect the judicial
23  management and/or discovery obligations, including the responsibility to answer interrogatories
    deemed propounded in the case.  You may contact the Court or Designated Defense Counsel,
24  Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone:
    (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at
25  your expense.

26  1. State the complete name and address of each person whose claimed exposure to asbestos is

27  the basis of this lawsuit ("exposed person"): Harry LeMaster, 6315 Kings Hill Drive, Cumming,

28  Georgia  30040.
    _____

    K:\Injured\100321\tccrp-factst.wpd
                                        1
    PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four months?  __X__ Yes  _____ No

[If yes, the action will be governed by General Order No. 140; if no, the action will be governed by General Order No. 129.]

3. Date of birth of each exposed person in item one and, if applicable, date of death:

        Date of Birth:  __7/23/38__

        Date of Death:  __N/A__

Social Security Number of each exposed person:

        __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__

4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

    _____ Asbestosis           __X__ Mesothelioma

    _____ Pleural Thickening/Plaques    _____Other Cancer: Specify: _____

    _____ Lung Cancer Other Than Mesothelioma    _____ Other: Specify: _____

5. For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

    __X__ Shipyard       __X__ Construction       __X__ Friction-Automotive

    _____ Premises       _____ Aerospace       __X__ Military

    __X__ Other: Specify all that apply: __Para-occupational/Secondary__

If applicable, indicate which exposure allegations apply to which exposed person.

6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant marine" or "construction". If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

///

K:\Uninsured\109.52\Pemp-factst.wpd                 2

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy | U.S. Navy | Electricians Mate | 1956-1959 |
| | Naval Training Center, San Diego, CA; "A" School, San Diego, CA | Trainee | 1956 (24 weeks) |
| | HANSON (DDR-832) | Electricians Mate | 1956-1958 |
| | PIEDMONT (AD-17) | Electricians Mate | 1958-1959 |
| | Various shipyards and repair ports, including, but not limited to: Mare Island Naval Shipyard, Vallejo, CA; Todd Shipyard, San Francisco, CA | Electricians Mate | 1956-1959 |
| Sears Roebuck | Sears Roebuck & Co. El Monte, CA | Maintenance Electrician | 1959-1963 |
| | Sears Roebuck & Co. Los Angeles, CA | Maintenance Electrician | 1963-1967 |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

    a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

    b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

    c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

///

1    d. was employed by the United States government in a civilian capacity, attach to the

2  copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of

3  the stipulation (Exhibit N-3 to General Order No. 129).

4  8. If there is a wrongful death claim, attach to the copy of this fact sheet provided to Designated

5  Defense Counsel a copy of the death certificate, if available. If an autopsy report was done, also

6  attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

7  9. State the date of the filing of the initial complaint in this matter:

8    5/21/08

9

10                     By:                                      

                                        Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Montgomery Ward | Montgomery Ward, Napa, CA | Manager | 6 months in 1968 |
| U.S. Department of Defense | Mare Island Naval Shipyard, Vallejo, CA | Welder | 1968-1995 |
| | Various ships and submarines, including, but not limited to: <br>DRUM (SSN-677) <br>GUITARRO (SSN-665) <br>HAWKBILL (SSN-666) <br>PINTADO (SSN-672) <br>MAUNA KEA (AE-22) | | |
| | Mare Island Naval Shipyard, Vallejo, CA <br>• Shop 26 <br>• Shop 51 | Apprentice Welder | 1968-1974 |
| | Mare Island Naval Shipyard, Vallejo, CA | Pipe Welder (Nuclear) | 1974-1976 |
| | Mare Island Naval Shipyard, Vallejo, CA | Nuclear Inspector | 1976-1995 |

PARA-OCCUPATIONAL EXPOSURE

Plaintiff's father, Harry L. LeMaster worked as a steamfitter for the Stickles Steam Company, Indianapolis, Indiana, from approximately 1950-1952. Plaintiff's father returned from work every night in work clothes that were dusty and dirty, changing out of these clothes only after arriving home. Plaintiff currently contends that he was exposed to asbestos during his father's employment with Stickles Steam Company.

NON-OCCUPATIONAL EXPOSURE

Plaintiff's father, Harry L. LeMaster performed automotive repair work, including brake replacement, on the family vehicles during the time plaintiff was growing up. Plaintiff's father worked on various vehicles including a used PONTIAC, BUICK and CHEVROLET. From age 8 or 9 and continuing until plaintiff left home, plaintiff assisted his father in brake replacement work. Plaintiff's father used a bellows to blow out dust from the brake assemblies. Plaintiff's father purchased replacement brakes from PEP BOYS, Indianapolis, Indiana; PEP BOYS, Los Angeles, California. Plaintiff's father used an emery cloth to lightly sand the new replacement brake shoes. Plaintiff currently contends that he was exposed to asbestos during this automotive repair work.

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  JOHN B. GOLDSTEIN, ESQ., S.B. #198188
   BRAYTON❖PURCELL LLP
3  Attorneys at Law
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California  94948-6169
5  (415) 898-1555

6  Attorneys for Plaintiffs

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  HARRY LEMASTER and            )   ASBESTOS
    CAROLYN LEMASTER,             )   No. 274669
12                                )
              Plaintiffs,         )   AMENDMENT TO COMPLAINT
13                                )
    vs.                           )
14                                )   [C.C.P. Section 474]
    ASBESTOS DEFENDANTS (B❖P)     )
15                                )

16        Plaintiffs amend the complaint in this action as follows:

17        Plaintiffs have learned the true names of the defendants designated in the complaint as

18  fictitious DOES as set forth below:

19  TRUE NAME                              FICTITIOUS NAME

20  STICKLE STEAM SPECIALTIES CO INC       DOE 1 and 1001

21

22        Plaintiffs hereby substitute such true names for the fictitious names as set forth above

23  wherever said names appear in the complaint.

24  Dated: 5/28/08                   BRAYTON❖PURCELL LLP

25

26                             By: _____
                                   David R. Donadio
27                                 Attorneys for Plaintiffs

28

K:\Injuran\109521\doc1.wpd                          1
AMENDMENT TO COMPLAINT

CIV-050

## -- DO NOT FILE WITH THE COURT --
## -- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 --

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>DAVID R. DONADIO, ESQ.    (Bar # 154436)<br>BRAYTON✦PURCELL LLP<br>222 Rush Landing Road<br>Novato, California  94948-6169<br>ATTORNEY FOR (name):  Plaintiff(s) | TELEPHONE NO.<br>(415) 898-1555<br>FAX NO.<br>(415) 898-1247 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS:  400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco 94102
BRANCH NAME:

PLAINTIFF:    HARRY LEMASTER and CAROLYN LEMASTER
DEFENDANT:   ASBESTOS DEFENDANTS (B✦P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>274669 |
|---|---|

To (name of one defendant only):  STICKLE STEAM SPECIALTIES CO INC

Plaintiff (name of one plaintiff only):  HARRY LEMASTER
seeks damages in the above-entitled action, as follows:

**1. General damages**

| | | | AMOUNT |
|---|---|---|---|
| a. | ☒ | Pain, suffering, and inconvenience | $ 1,000,000.00 |
| b. | ☒ | Emotional distress | $ 1,000,000.00 |
| c. | ☐ | Loss of consortium | $ |
| d. | ☐ | Loss of society and companionship(wrongful death actions only) | $ |
| e. | ☐ | Other (specify) | $ |
| f. | ☐ | Other (specify) | $ |
| g. | ☐ | Continued on Attachment 1.g. | |

**2. Special damages**

| | | | |
|---|---|---|---|
| a. | ☒ | Medical expenses (to date) | $ 200,000.00 |
| b. | ☒ | Future medical expenses (present value) | $ 200,000.00 |
| c. | ☐ | Loss of earnings (to date) | $ |
| d. | ☒ | Loss of future earning capacity (present value) | $ 1,500,000.00 |
| e. | ☐ | Property damage | $ |
| f. | ☐ | Funeral expenses (wrongful death actions only) | $ |
| g. | ☐ | Future contributions (present value) (wrongful death actions only) | $ |
| h. | ☐ | Value of personal service, advice, or training (wrongful death actions only) | $ |
| i. | ☒ | Other (specify)  LOSS OF HOUSEHOLD SERVICES | $ 1,000,000.00 |
| j. | ☐ | Other (specify) | $ |
| k. | ☐ | Continued on Attachment 2.k. | |

3. ☒   Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) ......  $ 5,000,000.00
when pursuing a judgment in the suit filed against you.

Date:        May 29, 2008

_____
David R. Donadio
(TYPE OR PRINT NAME)

▶          /s/ David R. Donadio
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CIV-050

## -- DO NOT FILE WITH THE COURT --
## -- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 --

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO. | |
|---|---|---|
| DAVID R. DONADIO, ESQ.   (Bar # 154436) | (415) 898-1555 | |
| BRAYTON❖PURCELL LLP | FAX NO. | |
| 222 Rush Landing Road | (415) 898-1247 | |
| Novato, California 94948-6169 | | |
| ATTORNEY FOR *(name):* Plaintiff(s) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF: HARRY LEMASTER and CAROLYN LEMASTER
DEFENDANT: ASBESTOS DEFENDANTS (B❖P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>274669 |
|---|---|

To *(name of one defendant only):* STICKLE STEAM SPECIALTIES CO INC

Plaintiff *(name of one plaintiff only):* CAROLYN LEMASTER
seeks damages in the above-entitled action, as follows:

1. General damages                                                                                              AMOUNT
   - a. ☐ Pain, suffering, and inconvenience .............................................. $ _____
   - b. ☐ Emotional distress .............................................................. $ _____
   - c. ☒ Loss of consortium .............................................................. $ 1,000,000.00
   - d. ☐ Loss of society and companionship *(wrongful death actions only)* ............. $ _____
   - e. ☐ Other *(specify)* .............................................................. $ _____
   - f. ☐ Other *(specify)* .............................................................. $ _____
   - g. ☐ Continued on Attachment 1.g.

2. Special damages
   - a. ☐ Medical expenses *(to date)* ................................................... $ _____
   - b. ☐ Future medical expenses *(present value)* ...................................... $ _____
   - c. ☐ Loss of earnings *(to date)* ................................................... $ _____
   - d. ☐ Loss of future earning capacity *(present value)* ............................... $ _____
   - e. ☐ Property damage ................................................................. $ _____
   - f. ☐ Funeral expenses *(wrongful death actions only)* ............................... $ _____
   - g. ☐ Future contributions *(present value) (wrongful death actions only)* ........... $ _____
   - h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* .. $ _____
   - i. ☐ Other *(specify)* .............................................................. $ _____
   - j. ☐ Other *(specify)* .............................................................. $ _____
   - k. ☐ Continued on Attachment 2.k.

3. ☒ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)* ...... $ 5,000,000.00
   when pursuing a judgment in the suit filed against you.

Date:       May 29, 2008

David R. Donadio                              ▶         /s/ David R. Donadio
_____                      _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT B

1  TUCKER ELLIS & WEST LLP
   EVAN C. NELSON – STATE BAR NO. 172957
2  TIMOTHY C. CONNOR - STATE BAR NO. 236529
   135 Main Street, Suite 700
3  San Francisco, California 94105
   Telephone: (415) 617-2400
4  Facsimile: (415) 617-2409
   Email: evan.nelson@tuckerellis.com
5  Email: timothy.connor@tuckerellis.com

6  Attorneys for Defendant
   RELIANCE ELECTRIC COMPANY
7

**ORIGINAL FILED**

**E-filing**

JUL - 9 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8

9           UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

            **CV 08    3316**

11  HARRY LEMASTER and CAROLYN          Case No.
    LEMASTER,
12
                                        **JCS**
13                                      **DEFENDANT RELIANCE ELECTRIC
             Plaintiffs,                COMPANY'S NOTICE OF REMOVAL
14                                      OF ACTION UNDER 28 U.S.C. §
        v.                              1442(a)(1) (GOVERNMENT
15                                      CONTRACTOR IMMUNITY-ACTING
    ALLIS-CHAMLERS CORPORATION          UNDER DIRECTION OF FEDERAL
16  PRODUCT LIABILITY TRUST, et al      OFFICERS)**

17           Defendants.

18

19  TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE

20  NORTHERN DISTRICT OF CALIFORNIA:

21      Defendant RELIANCE ELECTRIC COMPANY (hereinafter referred to as

22  "RELIANCE") hereby gives notice of the removal of the above-entitled action from the Superior

23  Court of the State of California in and for the County of San Francisco, to the United States

24  District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1442(a)(1).  In

25  support of its removal, RELIANCE respectfully offers the following:

26

27

28
                              _____
                                        1
                         RELIANCE ELECTRIC COMPANY'S NOTICE OF
                          REMOVAL OF ACTION UNDER 28 U.S.C. §
                                      1442(A)(1)

SFOiManage/11443/00010/158891/1

**Preliminary Matters**

1.     On or about May 21, 2008, Plaintiffs filed a Complaint in this action, bearing Case No. CGC-08-274669, against RELIANCE and numerous other defendants in the Superior Court of the State of California for the County of San Francisco. A true and correct copy of the Complaint and all state court pleadings served on RELIANCE are attached hereto as Exhibit A.

2.     The Complaint alleges that Plaintiff Harry LeMaster's disease was caused by his exposure to asbestos-containing products while working at several locations, including work performed as an Electrician's Mate in the U.S. Navy from 1956-1959 and work as a welder for the U.S. Department of Defense from 1968-1995. Plaintiff's Responses to Standard Asbestos Case Interrogatories, Set One further allege that Plaintiff specifically worked with RELIANCE controllers and switchgear while in the Navy from 1956-1959 and while working for the Department of Defense from 1968-1995. A true and correct copy of the Plaintiff's Responses to Standard Asbestos Case Interrogatories, Set One is attached hereto as Exhibit B.

3.     Any and all equipment produced by RELIANCE for the United States Navy was specifically designed and manufactured in accordance with specifications established and maintained by the United States Navy and was designed and built under the direction and control of the United States Government and its officers. Accordingly, this case is removable on the ground of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

4.     The 30-day removal period prescribed by 28 U.S.C. § 1446(b) begins to run when defendant receives a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b). On June 10, 2008, Plaintiffs electronically served Responses to Standard Asbestos Case Interrogatories on RELIANCE. The receipt of these Interrogatory Responses put RELIANCE on notice for the first time that the claims that are the basis of this matter as to RELIANCE, involve Plaintiff Harry LeMaster's alleged exposure to asbestos through his interactions with RELIANCE equipment manufactured for the United States Government pursuant to specifications provided by the United States Navy and under the direction and control of the United States Government and its officers. Pursuant to 28 U.S.C. §

2

1    1446(b), this Notice of Removal is being filed within thirty days of receipt by RELIANCE of the

2    first paper from which RELIANCE ascertained that this case is removable.  Thus, this Notice of

3    Removal has been timely filed.

### Nature of the Case

5        5.      The case is based on allegations that plaintiff Harry LeMaster suffers from an

6    asbestos-related injury caused by his exposure to asbestos-containing products.

7        6.      Plaintiff Harry LeMaster asserts claims against RELIANCE for Negligence, Strict

8    Liability, and False Representation.

9        7.      Plaintiff Carolyn LeMaster asserts claims against RELIANCE for Loss of

10   Consortium.

### Jurisdiction, Venue and Intradistrict Assignment

12       8.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below

13   under Grounds for Removal.

14       9.      Venue is proper in the San Francisco Branch of the Northern District of California

15   as the state court action, which is subject to this removal petition, was filed in the Superior Court

16   of California for the County of San Francisco where it was alleged a substantial part of the

17   events giving rise to plaintiffs' claims herein occurred, and all parties are subject to personal

18   jurisdiction in this District.

19       10.     Furthermore, §1442(a) authorizes such a removal without the consent of any other

20   defendant.  *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315

21   (9th Cir. 1981) ("federal officer…can remove without other defendants joining the petition, and

22   the entire case is removed to the federal court.").

### Grounds for Removal

24       11.     This is a civil action over which this Court has original jurisdiction under 28

25   U.S.C. § 1331, and is removable to this Court by RELIANCE pursuant to the provisions of 28

26   U.S.C. §.1442(a)(1) in that it is a civil action in which plaintiffs' alleged right to relief

27   necessarily depends on the resolution of a substantial question of federal law.

28

RELIANCE ELECTRIC COMPANY'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §
1442(A)(1)

SFOiManager/11443/00010/158891/1

12.     At all relevant times, RELIANCE is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992) (finding that a corporate defendant was a "person").

13.     RELIANCE was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing and supplying motors controls and switchgear for and to the United States Navy and/or Military. Motors, controllers and switchgear manufactured for use on United States Navy vessels were required to strictly comply with reasonably precise specifications in the form of Military Specifications (MilSpecs) and/or the military approval process. *See Declaration of Thomas F. McCaffery* ¶ 8 attached hereto as Exhibit C. Before a manufacturer such as RELIANCE received authorization to manufacture or supply machinery such as motors or related equipment such as controllers or switchgear for/to the U.S. Navy, all of the drawings, plans, technical manuals and other design documentation first had to be inspected and approved by the U.S. Navy. *Id.* at ¶ 10. Thus, RELIANCE has a colorable federal defense to plaintiffs' state tort claims.

14.     Should plaintiffs file a motion to remand this case, RELIANCE respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

15.     Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (a) demonstrate that it acted under the direction of a federal officer, (b) raise a colorable federal defense to plaintiffs' claims, and (c) demonstrate a causal nexus between plaintiffs' claims and the acts it performed under color of federal office. *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D.Cal. 1992); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99, 102 (D.Conn. 2007). Here, RELIANCE has satisfied all three requirements and is entitled to the federal officer removal provision.

a)  RELIANCE was acting under the direction of agents and officers of the United States Government within the meaning of 28 U.S.C. § 1442(a)(1) in designing,

4

SFCiMnnage/l1443/00010/1582911

1    manufacturing and supplying motors, controls and switchgear pursuant to

2    specifications and designs prepared, drafted and issued exclusively by the United

3    States Navy. See Exhibit C *Declaration of Thomas F. McCaffery*. United States

4    Naval Machinery Inspectors were stationed on site at manufacturing facilities to

5    inspect and test this equipment during each phase of the manufacturing process. *Id.*

6    *at* ¶ 11. The U.S. Navy had direct and detailed control over every aspect of the

7    design and manufacture of the RELIANCE motors, controls, and switchgear. The

8    Navy required use of many different components and materials that comprised an

9    electric motor or controller or switchgear. *Id.* at 12. Each sub-component was

10   designed and manufactured in accordance with similarly precise specifications,

11   standards and, design reviews which also specifically required the precise type of

12   material to be used in these components. *Id.* Where the specifications or standards

13   permitted the manufacturer to choose between two or more types of materials (such

14   as plastic materials or electrical insulation materials), the contractor's choice was

15   subject to specific Navy review and approval. *Id.* If a component on a piece of naval

16   equipment, such as a Reliance Electric motor, controller or switchgear, was actually

17   installed onboard a U. S. Naval vessel, then that component and the material

18   composition of that component complied with the precise specifications, standards

19   and design requirements that the Navy required for such a component. *Id.* at 14. In

20   fact, if any material, feature or component of the equipment failed to comply with the

21   applicable military specifications, then it would have been rejected by the Military.

22   *Id.*, at ¶ 11. RELIANCE was truly acting under the direction of a federal officer

23   because every facet of the design and manufacture of any piece of equipment

24   supplied by Reliance Electric to the U.S. Navy was controlled by the U.S. Navy. *Id.*

25   at 15.

26   b)   RELIANCE raises a colorable federal defense to this action under military contractor

27        immunity in that the United States Navy, controlled the design and manufacture of

28

SFDiManage/1443/00010/158891/1

any motors and controls produced for the United States Navy. *Id.* at ¶ 12. The designs and specifications for all RELIANCE motors and controls intended for use by the United States Navy were approved by the appropriate Navy personnel. *Id.* at 11. To the extent that any piece of equipment supplied by RELIANCE to the U.S. Navy contained asbestos, it would have been specifically required or approved by the Navy through the MilSpec and design approval process. *Id.* at ¶ 12. The specifications applicable to motors for use onboard United States Naval vessels include, but are not limited to, MIL-M-1940, MIL-M-17059, MIL-M-17060, MIL-M-17413, MIL-M-17556, and MLL-G-18474. *Id.* at 8. The specifications applicable to motor controllers, circuit breakers, rheostats and similar electrical components include, but are not limited to, MIL-C-1938, MIL-C-1939, MIL-R-2033, MIL-C-2174, MIL-C-2212, MIL-R-15109 and MIL-C-17361. *Id.* Finally, the overall design of electrical systems for naval shipboard use was controlled by a separate specification MIL-E-917. *Id.* If a component in motors, controllers or switchgears contained asbestos, then the Navy approved the inclusion of asbestos in that component in one form or another. *Id.* at 14. Given the breadth of experience of the United States Navy in the realm of industrial hygiene, a company such as RELIANCE would not have had the same level of sophisticated, state of the art knowledge concerning potential asbestos hazards as the Navy. *Id.* at ¶ 16.

c) A causal nexus exists between Plaintiffs' claims in this action and the acts taken by RELIANCE under the direction of federal officers. Plaintiffs' claims against RELIANCE arise from plaintiff Harry LeMaster's work as an Electrician's Mate while in the U.S. Navy from 1956-1959. The equipment that Plaintiff allegedly worked with was designed and manufactured pursuant to precise military specifications provided by the U.S. Navy and was built under the detailed and direct control of federal officers. *Id.* at 11. RELIANCE's actions, then, are inseparable from the government specifications, regulations, and oversight, and a clear causal

SEOIManager/11443/00010/158891/1

1    nexus exists between plaintiffs' claims and RELIANCE's acts performed under color

2    of federal office. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct.

3    2510 (1988); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal.

4    1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.*

5    838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La.

6    1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

7        16.    Plaintiffs' claims against RELIANCE are affirmatively barred by government

8    contractor immunity as set forth by the U.S. Supreme Court in *Boyle v. United Technologies*

9    *Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Ninth Circuit Court of Appeals in

10   *McKay v. Rockwell International Corp.*, 704 F.2d 444 (9th Cir. 1983). Pursuant to this federal

11   defense, military equipment manufacturers, such as RELIANCE, cannot be held liable under

12   state law for any injuries caused by the equipment it built for the U.S. Navy or Military when: (a)

13   the United States approved reasonably precise specifications; (b) the equipment conformed to

14   these specifications; and (c) the equipment supplier warns the military about any hazards

15   involved in the use of the equipment that are known to the equipment supplier but not known to

16   the military. *See Boyle*, 487 U.S. 500 at 512; *McKay*, 704 F.2d. 444 at 451.

17       17.    Analyzing the *Boyle/McKay* factors with the facts above shows (a) that

18   RELIANCE designed and manufactured equipment pursuant to precise specifications provided

19   and approved by the U.S. Navy, (b) the equipment conformed to those specifications, and (c) the

20   United States Military was aware of potential health hazards of working with or around asbestos-

21   containing materials and possessed greater knowledge than RELIANCE of the same.

22   *Declaration of Thomas F. McCaffery*, Exhibit C, ¶ 16. RELIANCE has more than a colorable

23   federal defense to this state action under government contractor immunity. *See Boyle*, 487 U.S.

24   at 512. See also *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993);

25   *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp.

26   1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing*

27   *North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998).

28

SFOiManage/11443/80010/1588910

1    18.    The existence of a single removable claim allows removal of the entire action. 28

2    U.S.C. § 1441(c). *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal.

3    1980).

4    19.    Notice of this removal has been filed with the state court and provided to all

5    adverse parties pursuant to 28 U.S.C. § 1446(d).

6    20.    This removal is based on this Notice of Removal to the United States District

7    Court, the Certificate of Service of Notice to Adverse Party of Removal, the Notice to Adverse

8    Party of Removal filed in the state court action, the Tag-Along Pleading filed herewith, the

9    complete file in the state court case, and any other matters which the court deems applicable.

10    WHEREFORE, defendant RELIANCE prays that this action be removed from the

11    Superior Court of the State of California in and for the County of San Francisco to the United

12    States District Court for the Northern District of California, and transferred to the United States

13    District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

14    proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order").

15

16    DATED: July 9, 2008                          TUCKER ELLIS & WEST LLP

17

18                                                 By: _____

19                                                    Evan C. Nelson
                                                      Timothy C. Connor
20                                                    Attorneys for Defendant
                                                      RELIANCE ELECTRIC COMPANY
21

22

23

24

25

26

27

28
                                                8
                        RELIANCE ELECTRIC COMPANY'S NOTICE OF
                        REMOVAL OF ACTION UNDER 28 U.S.C. §
                        1442(A)(1)

SFOiManaoer/11443/00010/1588911/1

Harry Lemaster, et al. v. Allis-Chalmers Corporation, et al.

SFSC Case No. 274669

## PROOF OF SERVICE OF ELECTRONIC TRANSMISSION

## STATE OF CALIFORNIA – COUNTY OF SAN FRANCISCO

I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Francisco, State of California. My business address is 135 Main Street, Suite 700, San Francisco, California 94105. My electronic notification address is anna.pasynkova@tuckerellis.com.

On the date executed below, I electronically served the document(s) via Lexis Nexis File & Serve described as:

## DEFENDANT RELIANCE ELECTRIC COMPANY'S NOTICE OF REMOVAL OF ACTION

on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website. This service was completed in accordance with the Amended General Order No. 158.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and was executed on July 9, 2008, at San Francisco, California.

*Anna Pasynkova*

Anna Pasynkova

1 Thomas A. Steig, Esq. (Bar No. 119341); tsteig@pdalaw.com
Grace C. Mori, Esq. (Bar No. 168812); gmori@pdalaw.com

2 **PRINDLE, DECKER & AMARO LLP**

3 310 Golden Shore, Fourth Floor
P.O. Box 22711

4 Long Beach, CA 90802

5 Tel:    (562) 436-3946

6 Fax:    (562) 495-0564

7 **Attorneys for Specially Appearing Defendant,**

8 **STICKLE STEAM SPECIALTIES CO., INC.**

9

10 **UNITED STATES DISTRICT COURT**

11 **NORTHERN DISTRICT OF CALIFORNIA**

12

13 HARRY LEMASTER and       ) **Case No.:  CV 08 3316 JCS    (PJH)**
CAROLYN LEMASTER,      )

14                                      )
                                      ) **[PROPOSED] ORDER GRANTING**

15             Plaintiffs,            ) **MOTION TO DISMISS BASED ON**
                                      ) **LACK OF PERSONAL JURISDICTION**

16             v.                       )
                                      )

17                                      )
                                      ) **Date:          September 10, 2008**

18 ALLIS-CHAMLERS            ) **Time:          9:00 am**
CORPORATION PRODUCT  ) **Courtroom:    3**

19 LIABILITY TRUST, et al.,        )
                                      ) **United States District Court Judge**

20                                      ) **Honorable Phyllis J. Hamilton**
            Defendants.            )

21                                      )

22

23 ///

24

25 ///

26 ///

27

28                                              - 1 -

[PROPOSED] ORDER GRANTING MOTION TO DISMISS BASED ON
LACK OF PERSONAL JURISDICTION - CASE NO.:  CV 08 3316 (JCS)

1    The motion of specially appearing defendant Stickle Steam Specialties Co.,

2  Inc. for an order dismissing it from this action came on for hearing in Courtroom

3  3 of the above entitled Court on September 10, 2008.  The parties were

4  represented by their counsels of record herein.

5    After full consideration of the evidence, argument and authorities filed, as

6  well as any oral arguments submitted at the hearing, if any, the Court ruled as

7  follows:

8    (1)    There is no constitutionally sufficient basis for the State of California

9  to exercise jurisdiction over defendant Stickle Steam Specialties Co., Inc.

10    **THEREFORE, IT IS ORDERED THAT** defendant Stickle Steam

11  Specialties Co., Inc.'s motion to dismiss based on lack of personal jurisdiction is

12  granted.

13

14  DATED:_____        _____

15                                                             HONORABLE PHYLLIS J. HAMILTON,
                                                               JUDGE OF THE DISTRICT COURT
16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING MOTION TO DISMISS BASED ON
LACK OF PERSONAL JURISDICTION - CASE NO.:  CV 08 3316 (JCS)