1  ALAN R. BRAYTON, ESQ., S.B. #73685
   LLOYD F. LEROY, ESQ., S.B. #203502
2  RICHARD M. GRANT, ESQ., S.B. #55677
   BRAYTON❖PURCELL LLP
3  ATTORNEYS AT LAW
   222 Rush Landing Road
4  P.O. Box 6169
   Novato, California  94948-6169
5  (415) 898-1555

6  Attorneys for Plaintiffs

7

8          IN THE UNITED STATES DISTRICT COURT

9       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 HARRY LEMASTER and CAROLYN          )   No. C08-3316 PJH
   LEMASTER,                           )
12                                     )   NOTICE OF MOTION AND MOTION TO
              Plaintiffs,              )   REMAND CASE TO CALIFORNIA
13                                     )   SUPERIOR COURT, TO STRIKE
   vs.                                 )   DECLARATION OF THOMAS F.
14                                     )   McCAFFERY, AND FOR PAYMENT OF
   ALLIS-CHALMERS CORPORATION          )   FEES AND COSTS; MEMORANDUM OF
15 PRODUCT LIABILITY TRUST, et al.,    )   POINTS AND AUTHORITIES
                                       )
16            Defendants.
                                           Date:  September 17, 2008
17 _____     Time:  9:00 a.m.
                                           Dept:  3, 17th Floor
18

19

20 TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

21         Notice is hereby given that on September 17, 2008, at 9:00 a.m., or as soon thereafter as

22 this matter may be heard, in Courtroom 3 of the above-entitled Court, located at 450 Golden

23 Gate Ave., San Francisco, California, plaintiffs will move the Court for an Order remanding this

24 case to the Superior Court of the State of California in and for the County of San Francisco, and

25 awarding costs and attorneys fees incurred in the making of this motion.  This motion is based

26 on this Notice, the Memorandum of Points and Authorities, the Declaration of Richard M.

27 ///

28

K:\Injured\109521\FED-Mtn Remand.wpd                    1
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO
STRIKE DECLARATION OF THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES

1 | Grant, Esq., the allegations in plaintiffs' complaint, the defendant's Notice of Removal, and
2 | such argument as may be made at the hearing.

Plaintiff seeks remand on the following grounds:

1. Removal pursuant to 28 U.S.C. Sec. 1442(a)(1) is inappropriate in that the moving party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between plaintiff's claims and the acts it alleges it performed under color of federal office.

2. Removal pursuant to 28 U.S.C. 1442(a)(1) is inappropriate in that moving party cannot demonstrate that the United States approved reasonably precise specifications; the equipment conformed to those specifications and defendant warned the United States about the dangers in the use of the equipment that were known to defendant but not to the United States.

Plaintiff moves to strike the declaration of Thomas McCaffery on the grounds that said declaration is without foundation, is speculation and is based upon hearsay.

Alternatively, plaintiff requests the Court to sever the action against defendant Reliance Electric Company from those of the other defendants and remand the remainder of the case to the San Francisco County Superior Court.

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and fees incurred in the making of this motion.

Dated: August __8__, 2008          BRAYTON✤PURCELL LLP

By: _____
Richard M. Grant
Attorneys for Plaintiffs
HARRY LEMASTER and CAROLYN LEMASTER

K:\Injured\109521\FED-Mtn Remand.wpd                    2
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATION OF THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF FACTS

This is an action for injuries suffered by plaintiffs Harry LeMaster and Carolyn LeMaster as a result of Harry LeMaster's exposure to asbestos. Mr. LeMaster is stricken with Mesothelioma, a devastating and terminal disease of the lungs that is associated with the inhalation of asbestos fibers. The complaint was originally filed on May 21, 2008 in the Superior Court for the State of California, County of San Francisco, (Notice of Removal, Exhibit A).

Defendant Reliance Electric Company ("Reliance") filed its Notice of Removal on July 9, 2008. Their alleged ground for removal as stated in the Notice is that defendant Reliance was acting under the direction of an officer of the United States within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims.

The only evidence supporting removal is the declaration of Thomas McCaffery. *Declaration of Thomas McCaffery attached as Exhibit C to defendant's Notice of Removal.* It is replete with speculation based on hearsay and is without proper foundation. This declaration is beyond the scope of declarant's personal knowledge and is therefore inadmissible evidence, not entitled to any weight, and should be stricken or discarded.

Plaintiff requests this Court remand this matter to the Superior Court for the State of California, County of San Francisco, so that it may properly proceed to trial.

Plaintiff also requests an award of attorneys fees and costs pursuant to 28 U.S.C. section 1447(c).

## II.

## ARGUMENT

**A.    The Federal-officer Removal Statute and the Burden of Removal**

The federal-officer removal statute allows removal of a state action against "any officer (or any person *acting under* that officer) of the United States or of any agency thereof, sued in

K:\Injured\109521\FED-Mtn Remand.wpd                                         1
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATION OF THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

an official or individual capacity for any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1) (emphasis added). To show it was "acting under" a federal officer, a removing party must: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a federal defense to the plaintiff's claims; and (3) demonstrate a casual nexus between plaintiff's claims and acts it performed under color of federal office. See *Mesa v. California,* 489 U.S. 121, 124-25, 129-31,134-35 (1989).

The burden of establishing federal jurisdiction is on the party seeking removal. *Prize Frize, Inc. v. Matrix, Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999). Defendant Reliance has the burden of showing that it has complied with the procedural requirements of removal and showing that removal was proper. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921); *California ex rel. Lockyer v. Dynegy, Inc.* 375 F 3d 831, 838 (9th Cir. 2004)

Defendant's burden is not sustained by a mere showing that " the relevant acts occurred under the general auspices of federal direction". Such a showing is not by itself enough to warrant removal. *Good v. Armstrong Industries, Inc.,* 914 F.Supp. 1125, 1128 (E.D.Pa.1996) (citation omitted) "Removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations...(and) control..., rather than at the general direction of an agency or other governmental department". *Id* at 1128  With respect to products liability, this usually entails demonstrating "strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction.'" *Fung  v. Abex Corp.,* 816 F.Supp. at 572, (citation omitted)

**B.    Reliance Electric Company Cannot Show That the United States Navy Specified and Required the Use of Asbestos Containing Materials in its Products, Nor Can it Show That it Was Not Required to Warn the Navy about Hazards Involved in the Use of Reliance  Equipment.**

The seminal case of *Boyle v. United Tech. Corp.,* 487 U.S. 500, 511, (1988) holds: "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the

1  dangers in the use of the equipment that were known to the supplier but not to the United
2  States." *Id.* at 512

3  The military-contractor defense is an affirmative defense. Hence, respondent has the
4  burden of establishing it. *Snell v. Bell Helicopter Textron, Inc.*, 107 F. 3d 744,746, (9th
5  Cir.1997)

6  "If the government contractor exercised actual discretion over the defective feature of
7  the design, then the contractor will not escape liability via the government contractor defense..."
8  *Snell v. Bell Helicopter Textron, Inc., supra,* at 748, quoting *Trevino v. General Dynamics*
9  *Corp.,* 865 F. 2d 1474, 1480.

10  As noted by the Second Circuit *In re Joint Eastern and Southern District New York*
11  *Asbesto Litigation*, 897 F. 2d 626 (1990) and quoted by the Ninth Circuit in *In Re Hawaii*
12  *Federal Asbestos Cases* 960 F. 2d 806, 813, (1992): "Stripped to its essentials, the military
13  contractor's defense under *Boyle* is to claim, 'The Government made me do it'. Boyle replaces
14  state law only when the Government, making a discretionary, safety-related military
15  procurement decision contrary to the requirements of state law, incorporates this decision into a
16  military contractor's contractual obligations, thereby limiting the contractor's ability to
17  accommodate safety in a different fashion." *Id.* at 813

18  There is no evidence that the Navy actually specified and required the use of asbestos
19  materials, only speculation and statements made without foundation or personal knowledge.
20  There are no military specifications ("milspecs") submitted, no declarations of "Military
21  Inspectors" to be introduced, indeed no documentation whatsoever in support of the unfounded
22  statements contained in the declaration of Thomas McCaffery. Although the declarant
23  repeatedly uses the terms, "precise specifications", "standards", "requirements", "milspecs",
24  and "control", any evidence in support of these statements is conspicuous only by their
25  complete absence.

26  Likewise, bare and bold statements that "To the extent that any piece of equipment
27  supplied by Reliance Electric to the U.S. Navy contained asbestos, it would have been
28  specifically required or approved by the Navy through the MilSpec and design approval

process" (*McCaffery declaration*, ¶12) and that "in the early 1940's" various Navy organizations "acquired state of the art knowledge concerning the potential risks or hazzards relating to work with or around asbestos" (*McCaffery*, ¶16), are supported by neither personal knowledge nor documentation.

Declaration testimony, which simply describes the content of the regulations and specifications is, in the absence of the documents themselves, nothing more than hearsay and is not entitled to any weight. *Snowdon v. A.W. Chesterton Company, et al.*, 366 F. Supp. 2d,157, 164, (D. Me 2005)

Defendant has failed to show that the government has approved reasonably precise specifications that required asbestos containing material to be incorporated into its product. Accordingly, it has not satisfied the prongs of the *Boyle* test.

On review of the evidence, there is simply no basis upon which the court can conclude that a conflict existed between the federal contracts and the defendant's state duties. The defendant does not submit any non-testimonial evidence, i.e. regulations or contracts, of the government's alleged control over the "required" materials. Although continuously referring to requirements and specifications, defendant fails to cite any contractual or regulatory language supporting their position, or to provide any military specifications bearing on either the "specified" materials or bearing on the need of warnings to be provided. Although defendant claims that the government dictated asbestos materials and had "state of the art" knowledge regarding the hazards of asbestos, it fails to offer any proof. Their argument thus "boils down to a bald, unsupported assertion" that the government mandated and required asbestos materials and that the government had knowledge of the dangers of its equipment superior to that of defendant. "On this record, that sort of speculation is not remotely adequate." *See, Hilbert v. McDonnell Douglass Corp.*, 529 F. Supp. 2d 187, 202 , (D. Mass., 2008)

The conclusion that the McCaffery declaration is not based upon his personal knowledge is supported by the absence of exemplar contracts or regulations which could confirm his otherwise conclusory allegations. *See, Green v. A.W. Chesterton Co.* 366 F. Supp. 2d 149, 157 (D. Me. 2005) (affidavit which failed to include any actual regulation or

specification "raises real and significant concern" and fails to meet defendant's burden for removal.)

The proferred declaration is not based upon personal knowledge, but rather upon hearsay and speculation, and is accordingly inadmissable. (See Federal Rule of Evidence 802. See also Rule 1002, "Best Evidence" Rule.) Without the allegations contained in this inadmissable declaration, defendant cannot sustain its burden of establishing a military contractor defense and it correspondingly cannot meet the requirements of *Boyle*.

### C. The Military Contractor Defense Does Not Apply Where the Goods Are Available in Similar Form to Commercial Users

"(T)he fact that a company supplies goods to the military does not, in and of itself, immunize it from liability for the injuries caused by those goods. Where the goods ordered by the military are those readily available, in substantially similar form, to commercial users, the military contractor defense does not apply." *In re Hawaii Fed. Asbestos Cases,* 960 F.2d 806, 811, (9th Cir. 1992)

> That *Boyle* speaks of the military contractor defense as immunizing contractors only with respect to the military equipment they produce for the United States is consistent with the purposes the Court ascribes to that defense. The *Boyle* Court noted that the military makes highly complex and sensitive decisions regarding the development of new equipment for military usage. Allowing the contractors who are hired to manufacture that equipment to be sued for the injuries caused by it would impinge unduly on the military's decision making process. The contractors would either refuse to produce the military equipment for the Government or would raise their prices to insure against their potential liability for the Government's designs.
>
> These same concerns do not exist in respect to products readily available on the commercial market. The fact that the military may order such products does not make them "military equipment." The products have not been developed on the basis of involved judgments made by the military but in response to the broader needs and desires of end-users in the private sector. The contractors, furthermore, already will have factored the costs of ordinary tort liability into the price of their goods. That they will not enjoy immunity from tort liability with respect to the goods sold to one of their customers, the Government, is unlikely to affect their marketing behavior or their pricing. (*In re Hawaii*, at 811)

Defendant has provided no facts or information which would establish that the products in question are, in fact, "military equipment", not available on the commercial market, and accordingly defendant has not sustained its burden.

K:\Injured\109521\FED-Mtn Remand.wpd    5

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATION OF THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

1     **D.**    <u>**The Removal Statute must Be Construed in Favor of Remand.**</u>

2     Any doubt as to the removability of a matter "should be resolved in favor of remanding

3 a case to state court." *See Matheson v. Progressive Specialty Insurance Company*, 319 F.3d

4 1089, 1090 (9th Cir. 2003); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Ryan v. Dow*

5 *Chemical Co.*, 781 F.Supp. 934, 939, (E.D.N.Y. 1992)

6     Because federal officer removal is "rooted in 'an anachronistic mistrust of state courts

7 ability to protect and enforce federal interests and immunities from suit,' "although federal

8 officer jurisdiction "is read 'expansively' in suits involving federal officials, it is read narrowly

9 where, as in this instance, only the liability of a private contractor purportedly acting at the

10 direction of a federal officer is at issue." *Alsup v. 3-Day Blinds*, 435 F Supp. 2d 838, 843, 852,

11 (S.D.Ill. 2006) quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d

12 1144, 1150, 1152 & n. 6, (D. Colo. 2002)

13     **E.**    <u>**Plaintiffs Are Entitled to Costs and Attorneys' Fees**</u>

14     As noted in *Simpson v. Union Pacific RR Co.*, 282 F.Supp.2d 1151, 1160-61 (N.D. Cal.

15 2003), a request for costs and attorney's fees under the removal statute is not a motion for Rule

16 11 sanctions; while sanctions are limited to cases where the party advances frivolous arguments,

17 an award of attorney's fees and costs may be made upon a simple finding that the removal was

18 improper as a matter of law. (citing *Kanter v. Warner-Lambert*, 265 F.3d 853, 861 (9th Cir.

19 2001); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 949 (9th Cir. 2001).

20     Here, removal was improper as a matter of law. Rather than a legitimate exercise of a

21 substantive right to a federal forum by a party that would otherwise be denied a fair hearing in a

22 hostile state court, this removal is a litigation tactic designed to delay justice rather than to serve

23 it.[1]

24     An award of costs and attorney's fees is appropriate here.

---

[1] The attempted removal of asbestos cases is a common tactic for defendants seeking to delay or deny plaintiff' rights to a trial on the merits of their state claims. Defendant seeks to avail itself of the glacial pace that is the hallmark of federal asbestos multi-district litigation. *See, In re Marine Asbestos Cases*, 44 F. Supp.2d 368, 374 (D.Me.1999) (If [asbestos] claims return to state court, they will proceed to resolution . . . in federal court they will encounter significant delay upon their transfer through the panel on multidistrict litigation.)

K:\Injured\109521\FED-Mtn Remand.wpd      6

NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATION OF THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

## CONCLUSION

Defendant has not shown that contracts or regulations provided reasonable precise specifications mandating that its products contained asbestos or that it warned the Navy about the dangers in the use of its equipment that were known to it but not to the United States. It cannot demonstrate that it constructed controllers or switchgear, or other products used by the Navy, according to the direct and detailed control of an officer of the United States. For these reasons, the defendant cannot show a conflict between their federal contract obligations and its duties and obligations under state law. Accordingly it has not established a colorable federal defense nor has it established a causal connection between the acts done pursuant to the federal contract and the plaintiff's injury. Therefore, this Court does not have removal jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. sec 1442, and is without subject-matter jurisdiction to hear the case. The Motion to Remand must be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

The Court should order payment of plaintiff's costs and attorneys' fees pursuant to 28 U.S.C. section 1447(c).

Respectfully submitted,

Dated: August 8, 2008        BRAYTON❖PURCELL

By: _____
Richard M. Grant
Attorneys for Plaintiffs
HARRY LEMASTER and CAROLYN LEMASTER

K:\Injured\109521\FED-Mtn Remand.wpd        7
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATION OF THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES