1  FRANK D. POND (BAR NO. 126191)
   KEVIN D. JAMISON(BAR NO. 222105)
2  kjamison@pondnorth.com
   JENN N. CRITTONDON(BAR NO. 215347)
3  jcritton@pondnorth.com
   POND NORTH LLP
4  350 South Grand Avenue, Suite 2850
   Los Angeles, CA 90071
5  Telephone:    (213) 617-6170
   Facsimile:     (213) 623-3594
6
   Attorneys for Defendant CBS CORPORATION, a Delaware
7  corporation, fka Viacom Inc., successor by merger to CBS
   Corporation, a Pennsylvania corporation, fka Westinghouse Electric
8  Corporation

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA -

11

12  HARRY LeMASTER and CAROLYN          Case No:  C 08-3316 PJH
    LeMASTER,
13                                      NOTICE OF FILING DOCUMENTS
              Plaintiffs,               FILED IN STATE COURT ACTION
14
         vs.                            Judge:       Honorable Phyllis J. Hamilton
15
    ALLIS-CHALMERS CORPORATION          Dept:        3
16  PRODUCT LIABILITY TRUST, et al.,

17            Defendants.

18

19

20        Defendant CBS CORPORATION, a Delaware corporation, fka Viacom, Inc., successor

21  by merger with CBS Corporation, a Pennsylvania corporation, fka Westinghouse Electric

22  Corporation hereby submits the following documents to be filed in this action, that were

23  previously filed and served in the State Court action:

24        1.      CBS Corporation's Answer to Complaint for Personal Injury and Loss of

25  Consortium – Asbestos, filed on July 2, 2008.

26  ///

27  ///

28  ///

1

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180:347739.1

2.     Demand for Jury Trial and Estimate of Length of Trial, filed on July 2, 2008.

DATED:  August 11, 2008

POND NORTH LLP
KEVIN D. JAMISON
JENN N. CRITTONDON

By: _____
KEVIN D. JAMISON
Attorneys for Defendant CBS
CORPORATION, a Delaware corporation,
fka Viacom Inc., successor by merger to CBS
Corporation, a Pennsylvania corporation, fka
Westinghouse Electric Corporation

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION
4520-2180:347739.1

1  FRANK D. POND (BAR NO. 126191)
   KEVIN D. JAMISON(BAR NO. 222105)
2  DANIEL W.S. IP(BAR NO. 240033)
   POND NORTH LLP
3  350 South Grand Avenue, Suite 2850
   Los Angeles, CA 90071
4  Telephone:    (213) 617-6170
   Facsimile:    (213) 623-3594
5
   Attorneys for Defendant CBS Corporation, a
6  Delaware corporation, f/k/a Viacom Inc., successor
   by merger to CBS Corporation, a Pennsylvania
7  corporation, f/k/a Westinghouse Electric Corporation

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF SAN FRANCISCO

10

11  HARRY LEMASTER and            Case No:  CGC-08-274669
    CAROLYN LEMASTER,
12                                **CBS CORPORATION'S ANSWER TO**
              Plaintiffs,          **COMPLAINT FOR PERSONAL INJURY**
13                                **AND LOSS OF CONSORTIUM –**
         vs.                      **ASBESTOS**
14
    ASBESTOS DEFENDANTS (B*P),
15                                Case Filed:    May 21, 2008
              Defendants.
16

17         Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by

18  merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric

19  Corporation ("Westinghouse"), answers Plaintiffs' (as used herein, the term "Plaintiff" refers to

20  all of the captioned Plaintiffs, whether singular or plural), Complaint on its own behalf and on

21  behalf of no other defendant as follows:

22         Pursuant to California Code of Civil Procedure Section 431.30(d), Westinghouse denies

23  generally each and every allegation of the Complaint.

24                           **FIRST AFFIRMATIVE DEFENSE**

25         Neither the Complaint nor any purported cause of action alleged by the Plaintiff therein

26  states facts sufficient to constitute a cause of action against Westinghouse.

27  ///

28  ///

                                          1

**SECOND AFFIRMATIVE DEFENSE**

To the extent the Complaint asserts Westinghouse's alleged "market share" liability, or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against Westinghouse.

**THIRD AFFIRMATIVE DEFENSE**

Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against Westinghouse.

**FOURTH AFFIRMATIVE DEFENSE**

The imposition of any punitive damages in this matter would deprive Westinghouse of its property without due process of law under the California Constitution and United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

**SIXTH AFFIRMATIVE DEFENSE**

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure, Sections 338, 339, 340(3), 340.2, 343, 353, 366.1, 377.34, and 474 and California Commercial Code, Section 2725 and including any applicable statute of limitation and/or statute of repose of the state of Plaintiff's residence if not California.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff unreasonably delayed in bringing this action, without good cause therefor, and thereby have prejudiced Westinghouse as a direct and proximate result of such delay; accordingly, this action is barred by laches.

4520-2180:340961.1

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event Plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any loss, injury or damages incurred by Plaintiff were proximately caused by the negligent or willful acts or omissions of parties whom Westinghouse neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Westinghouse.

**TWELFTH AFFIRMATIVE DEFENSE**

The products referred to in the Complaint were misused, abused or altered by Plaintiff or by others; the misuse, abuse or alteration was not reasonably foreseeable to Westinghouse, and proximately caused any loss, injury or damages incurred by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Westinghouse alleges that its products were manufactured, produced, supplied, sold and distributed in mandatory conformity with specifications promulgated by the United States Government under its war powers, as set forth in the United States Constitution, and that any recovery by Plaintiff on the Complaint on file herein is barred in consequence of the exercise of those sovereign powers.

///

///

4520-2180:340961.1

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate their loss, injury or damages; accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Westinghouse is barred by the provisions of California Labor Code, Section 3601, et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Westinghouse alleges that at the time of the injuries alleged in the Complaint, Plaintiff was employed and they were entitled to receive Workers' Compensation benefits from their employer; that Plaintiff's employer, other than Westinghouse, was negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employer proximately and concurrently contributed to the happening of the accident and to the loss or damage complained of by Plaintiff, if any there were, and that by reason thereof Westinghouse is entitled to set off any such benefits to be received by Plaintiff against any judgment which may be rendered in favor of Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Discovery may show that at the time of the injuries alleged in the Complaint, Plaintiff was employed by and entitled to Workers' Compensation benefits from Westinghouse; such benefits constitute Plaintiff' exclusive remedy pursuant to Labor Code section 3600 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Westinghouse alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Westinghouse is not liable for said employers' proportionate share of non-economic damages.

4

4520-2180:340961.1

### NINETEENTH AFFIRMATIVE DEFENSE

Westinghouse alleges that at the time of the injuries alleged in the Complaint, parties other than Westinghouse were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Westinghouse herein shall not be liable for said parties' proportionate share of non-economic damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Westinghouse alleges that at all times relevant to matters alleged in the Complaint, Plaintiff's employer was a sophisticated user of asbestos-containing products and the employer's negligence in providing the product to its employees in a negligent, careless and reckless manner is a superseding cause of Plaintiff's injuries.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If Plaintiff had received, or in the future may receive, Workers' Compensation benefits from Westinghouse under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event that Westinghouse is held liable to Plaintiff, any award against Westinghouse must be reduced in the amount of all such benefits received by Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

If Plaintiff had received, or in the future may receive, Workers' Compensation benefits from Westinghouse under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event Plaintiff is awarded damages against Westinghouse, Westinghouse claims a credit against this award to the extent that Westinghouse is barred from enforcing its rights to reimbursement for Workers' Compensation benefits that Plaintiff has received or may in the future receive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff had received, or in the future may receive Workers' Compensation benefits from Westinghouse under the Labor Code of the State of California as a consequence of the

4520-2180:340961.1

1  alleged industrial injury referred to in the Complaint, Westinghouse demands repayment of any

2  such Workers' Compensation benefits in the event that Plaintiff recovers tort damages as a result

3  of the industrial injury allegedly involved here.  Although Westinghouse denies the validity of

4  Plaintiff's claims, in the event those claims are held valid and not barred by the statute of

5  limitations or otherwise, Westinghouse asserts that cross-demands for money have existed

6  between Plaintiff and Westinghouse and the demands are compensated, so far as they equal each

7  other, pursuant to California Code of Civil Procedure Section 431.70.

8  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

9  At all times and places in the Complaint, Plaintiff was not in privity of contract with

10  Westinghouse and said lack of privity bars Plaintiff's recovery herein upon any theory of

11  warranty.

12  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13  Plaintiff is barred from recovery in that all products produced by Westinghouse were in

14  conformity with the existing state-of-the-art, and as a result, these products were not defective in

15  any manner.

16  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17  Westinghouse did not and does not have a substantial percentage of the market for the

18  asbestos-containing products which allegedly caused Plaintiff's injuries.  Therefore,

19  Westinghouse may not be held liable to Plaintiff based on Westinghouse's alleged percentage

20  share of the applicable market.

21  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

22  Westinghouse denies any and all liability to the extent that Plaintiff asserts

23  Westinghouse's alleged liability as a successor, successor in business, successor in product line

24  or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a

25  portion thereof, parent, alter ego, equitable trustee, subsidiary, wholly or partially owned by, or

26  the whole or partial owner of or member in an entity researching, studying, manufacturing,

27  fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale,

28  selling, inspecting, servicing, installing, contracting for installation, repairing, marketing,

6

4520-2180:340961.1

1  warranting, rebranding, manufacturing for others, packaging and/or advertising products which

2  contain asbestos.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

4      Westinghouse had no knowledge that any of the alleged activities of which Plaintiff

5  complains, and which allegedly were conducted on premises owned by Westinghouse, were

6  unsafe or dangerous, and Westinghouse therefore did not have a duty to warn Plaintiff regarding

7  any such alleged dangers.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

9      Westinghouse alleges that it was under no legal duty to warn Plaintiff of the hazards

10  associated with the use of products containing asbestos.  Westinghouse further alleges that the

11  purchasers of said products, Plaintiff's employer/s, his union/s or certain third parties yet to be

12  identified, were knowledgeable and sophisticated users and were in a better position to warn

13  Plaintiff of the risks associated with using products containing asbestos and, assuming a warning

14  was required, it was the failure of such persons or entities to give such a warning that was the

15  proximate and superseding cause of Plaintiff's damages, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

17      Westinghouse alleges that no conduct by or attributable to it was the cause in fact or the

18  proximate cause of the damages, if any, suffered by Plaintiff, nor a substantial factor in bringing

19  about said damages.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

21      Westinghouse alleges that its liability, if any, in this matter is extremely minor relative to

22  the liability of various third parties and, therefore, the damages, if any, assessed against it should

23  be proportionate to the degree, nature and extent of its fault.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

25      Plaintiff herein has failed to join indispensable parties and the complaint is thereby

26  defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for herein.

27  ///

28  ///

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Westinghouse alleges that if Plaintiff's claims were already litigated and resolved in any prior action, Plaintiff's claims herein are barred based on the primary right and res judicata doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiff was previously compensated by alleged joint tortfeasors.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Pursuant to California Code of Civil Procedure sections 378 and 430.10(d), if it is determined that multiple Plaintiffs have been listed on this complaint, then Westinghouse contends the Plaintiffs are misjoined. Because joinder is defective and improper, and defendants will be prejudiced by having to proceed against different Plaintiff with dissimilar cases, a single trial is unfair and a hardship, and separate trials on each individual cause of action should be ordered.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The matters alleged in this complaint are encompassed within and barred by a settlement and release agreement reached by the parties which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has previously filed a dismissal in court dismissing all of its asserted claims, causes of action, and other theories of liability against Westinghouse with prejudice, the matters alleged in this complaint are barred by retraxit.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has reached an accord with Westinghouse regarding this litigation and this accord was then properly satisfied, the claims, causes of action, theories of liability and matters alleged in this complaint are barred by the doctrine of accord and satisfaction.

///

4520-2180:340961.1

1

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

2       Westinghouse contends that if Plaintiff has released, settled, entered into an accord and

3   satisfaction, or otherwise compromised his claims herein, and accordingly, said claims are

4   barred.

5

### THIRTY-NINTH AFFIRMATIVE DEFENSE

6       Westinghouse states that the claims of the female Plaintiff, if any, are derivative of her

7   husband's claims, and if his claims are barred or he receives no recovery, then the female

8   Plaintiff's claims are also barred.

9

### FORTIETH AFFIRMATIVE DEFENSE

10      The claims stated in Plaintiff's Complaint have been settled, compromised or otherwise

11  discharged and Westinghouse is due a set off.

12

### FORTY-FIRST AFFIRMATIVE DEFENSE

13      Westinghouse alleges that another action is pending or has been adjudicated between the

14  parties on the same claims alleged in this action, and therefore, pursuant to Section 430.10(c) of

15  the Code of Civil Procedure, this action is duplicative and vexatious and cannot be maintained.

16

### FORTY-SECOND AFFIRMATIVE DEFENSE

17      Westinghouse asserts that California Code of Civil Procedure Section 361 is a bar to this

18  action because Plaintiff's claims arose in another state and by the laws of that state an action

19  cannot be maintained by reason of the lapse of time, and as a consequence, cannot be maintained

20  in this state.

21

### FORTY-THIRD AFFIRMATIVE DEFENSE

22      Westinghouse alleges that substantial justice requires that, pursuant to Section 410.30 of

23  the Code of Civil Procedure, this action be dismissed or stayed because the facts alleged in the

24  Complaint occurred outside of California and California is not the appropriate forum for the

25  action.

26

### FORTY-FOURTH AFFIRMATIVE DEFENSE

27      Westinghouse alleges that all or some of the claims and/or legal issues raised in the

28  Complaint are governed by the substantive laws of a state other than California.

9

4520-2180:340961.1

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Westinghouse alleges that it was under no legal duty to warn Plaintiff of the hazards associated with the use or handling of products containing asbestos, or of their existence at any premises owned, operated, controlled by Westinghouse or where products were otherwise claimed to be provided by Westinghouse. Westinghouse further alleges that Plaintiff was a knowledgeable and sophisticated user and had or should have had knowledge of the potential hazards associated with using products containing asbestos. Plaintiff's knowledge of the potential hazards associated with using products containing asbestos resulted in Plaintiff assuming the risk and being the proximate and superseding cause of Plaintiff's damages, if any. *Johnson v. American Standard* (2008) 43 Cal.4th 56.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Because of the generality of the allegations in the Complaint, Westinghouse reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Westinghouse prays:

1.      That the complaint be dismissed or judgment be rendered in favor of Westinghouse and that Plaintiff take nothing thereby;

2.      For its costs of suit;

3.      For appropriate credits and setoffs arising out of any payment of Workers' Compensation benefits as alleged above; and

4.      For such other and further relief as the Court may deem just and proper.

DATED: July 2, 2008

POND NORTH LLP

By: _____

DANIEL W.S. IP
Attorneys for Defendant CBS Corporation, a
Delaware corporation, f/k/a Viacom Inc., successor
by merger to CBS Corporation, a Pennsylvania
corporation, f/k/a Westinghouse Electric Corporation

10

4520-2180:340961.1

1

## PROOF OF SERVICE

2
I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 350 South Grand Avenue, Suite 2850, Los Angeles, CA 90071.

3
On July 2, 2008, I served the following document(s): CBS CORPORATION'S

4
ANSWER TO COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM – ASBESTOS on the interested parties in this action as follows:

5
☒        By E-Service: I electronically served the above document(s) via LexisNexis File & Serve

6
on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

7
Executed:  July 2, 2008

8
☒        (State) I declare under penalty of perjury under the laws of the State of California that the

9
above is true and correct.

10

11
Susan M. Combs

12
4520-2180

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBS CORPORATION'S ANSWER TO COMPLAINT – ASBESTOS

4520-2180:340961.1

LexisNexis File & Serve                                                        Page 1 of 2

**📍 Home 📄 Filing & Service 📄 Alerts 📄 Search 📄**

Home > Sent Items > Transaction 20492369

Printable Version    <<Previous transaction    Next transaction>>

**Case number:** 274669 [View Case History]          Filed and served at 7/2/2008 11:40 AM PDT
**Case name:** LeMaster vs Asbestos Defendants (Brayton)
**Court:** CA Superior Court County of San Francisco
**Judge:** Judge, Asbestos

○ View all document(s) as a list ● View document(s) inline    <<Previous document    Next document>>

⊟ **Document List (1 of 4)      Total Statutory Fees: $335.00**

Main Document, 11 pages   ID: 24860608
Document History | PDF Format | Original Format

**Document type:** Answer (Original)              **Clerk review status/action:** Accepted
**Security:** Public                               **Date reviewed:** 7/2/2008
**Statutory fee:** $335.00
**Document title:** CBS CORPORATION'S ANSWER TO COMPLAINT FOR PERSONAL INJURY AND LOSS OF CONSORTIUM - ASBESTOS

⊞ **View Document**

⊟ **Other Transaction Data**
**Transaction Comment:**                          **Financial Comment:**
None                                              None
**Client matter code**
4520.2180

⊟ **Parties and Recipients**
  ⊟ **Sending Parties (1)**

| ▲Party | Party Type | Attorney | Attorney Type | Firm |
|--------|-----------|----------|---------------|------|
| Viacom Inc | Defendant | Pond, Frank D | Attorney In Charge | Pond North LLP |

  ⊞ **Recipients (65)**
  ⊟ **Additional Recipients (0)**

| Document/Notice | Name | Delivery Method | Delivery Status |
|-----------------|------|-----------------|-----------------|
| | | none available | |

  ⊟ **Courtesy Copy Recipients (0)**

none available

⊟ **Sender Information**

Submitted by:        Susan Combs, Pond North LLP

LexisNexis File & Serve                                                    Page 2 of 2


Authorizer:                    Kevin D Jamison, Pond North LLP


                                        <u><<Previous transaction</u>      <u>Next transaction>></u>

---

 **LexisNexis®**  |  About LexisNexis | Terms & Conditions | Privacy | Customer Support – 1-888-529-7587
|  Copyright © 2008 LexisNexis®. All rights reserved.

1  FRANK D. POND (BAR NO. 126191)
   KEVIN D. JAMISON(BAR NO. 222105)
2  DANIEL W.S. IP(BAR NO. 240033)
   POND NORTH LLP
3  350 South Grand Avenue, Suite 2850
   Los Angeles, CA 90071
4  Telephone:    (213) 617-6170
   Facsimile:    (213) 623-3594
5
   Attorneys for Defendant CBS Corporation, a
6  Delaware corporation, f/k/a Viacom Inc., successor
   by merger to CBS Corporation, a Pennsylvania
7  corporation, f/k/a Westinghouse Electric Corporation

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11 HARRY LEMASTER and              Case No: CGC-08-274669
   CAROLYN LEMASTER,
12                                 **DEMAND FOR JURY TRIAL AND**
          Plaintiffs,              **ESTIMATE OF LENGTH OF TRIAL**
13
          vs.
14                                 Case Filed:    May 21, 2008
   ASBESTOS DEFENDANTS (B*P),
15
          Defendants.
16

17 TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES HEREIN:

18        PLEASE TAKE NOTICE that defendant CBS Corporation, a Delaware corporation, f/k/a

19 Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a

20 Westinghouse Electric Corporation hereby demands a trial by jury in the above-entitled action

21 and estimates that the length of trial will be six to eight weeks in duration.

22 DATED: July 2, 2008              POND NORTH LLP

23

24

25                                 By:
                                      DANIEL W.S. IP
26                                    Attorneys for Defendant CBS Corporation, a
                                      Delaware corporation, f/k/a Viacom Inc., successor
27                                    by merger to CBS Corporation, a Pennsylvania
                                      corporation, f/k/a Westinghouse Electric Corporation

28

                                    1
4520-2180:340964.1

1

**PROOF OF SERVICE**

2
I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 350 South Grand Avenue, Suite 2850, Los Angeles, CA 90071.

3

4
On July 2, 2008, I served the following document(s): DEMAND FOR JURY TRIAL AND ESTIMATE OF LENGTH OF TRIAL on the interested parties in this action as follows:

5
☒    By E-Service: I electronically served the above document(s) via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

6

7
Executed:  July 2, 2008

8
☒    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

9

10

11
Susan M. Combs
4520-2180

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEMAND FOR JURY TRIAL AND ESTIMATE OF LENGTH OF TRIAL

4520-2180:340964.1

Pond North LLP | Resource Center | File & Serve Preferences

▌**Home** ▌ **Filing & Service** ▌ **Alerts** ▌ **Search** ▌                                                                                          ▪

Home > Sent Items > **Transaction 20492369**

Printable Version          <<Previous transaction    Next transaction>>

| | |
|---|---|
| **Case number:** 274669 [View Case History] | Filed and served at 7/2/2008 11:40 AM PDT |
| **Case name:** LeMaster vs Asbestos Defendants (Brayton) | |
| **Court:** CA Superior Court County of San Francisco | |
| **Judge:** Judge, Asbestos | |

◎ View all document(s) as a list   ◉ View document(s) inline          <<Previous document    Next document>>

⊟ **Document List (2 of 4)        Total Statutory Fees: $335.00**
**Main Document, 2 pages   ID: 24860609**
Document History | PDF Format | Original Format

|  |  |  |  |
|---|---|---|---|
| **Document type:** | Demand for Jury | **Clerk review status/action:** | Accepted |
| **Security:** | Public | **Date reviewed:** | 7/2/2008 |
| **Statutory fee:** | $0.00 | | |
| **Document title:** | DEMAND FOR JURY TRIAL AND ESTIMATE OF LENGTH OF TRIAL | | |

⊞ **View Document**

⊟ **Other Transaction Data**
**Transaction Comment:**                                         **Financial Comment:**
None                                                                      None
**Client matter code**
4520.2180

⊟ **Parties and Recipients**
⊟ **Sending Parties (1)**

| ⌂Party | Party Type | Attorney | Attorney Type | Firm |
|---|---|---|---|---|
| Viacom Inc | Defendant | Pond, Frank D | Attorney in Charge | Pond North LLP |

⊞ **Recipients (65)**
⊟ **Additional Recipients (0)**

| Document/Notice | Name | Delivery Method | Delivery Status |
|---|---|---|---|
| | | none available | |

⊟ **Courtesy Copy Recipients (0)**

none available

⊟ **Sender Information**

| | |
|---|---|
| Submitted by: | Susan Combs, Pond North LLP |
| Authorizer: | Kevin D Jamison, Pond North LLP |

LexisNexis File & Serve                                          Page 2 of 2

<<Previous transaction      Next transaction>>

 **LexisNexis®**  |  About LexisNexis | Terms & Conditions | Privacy | Customer Support – 1-888-529-7587
Copyright © 2008 LexisNexis®. All rights reserved.

1

## PROOF OF SERVICE

2

3       I declare that I am over the age of eighteen (18) and not a party to this action.  My
business address is 350 South Grand Avenue, Suite 2850, Los Angeles, CA 90071.

4

5       On August 15, 2008, I served the following document(s):**NOTICE OF FILING
DOCUMENTS FILED IN STATE COURT ACTION** on the interested parties in this action
by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as

6    follows, to be served by either First Class Mail or by e-mail (as so registered with the Northern
District of California), on all counsel of record in this case as reflected in the attached service

7    list.

8

Executed:  August 15, 2008.

9

10   ☒             (Federal)       I declare that I am employed in the office of a member of the bar
of this court at whose direction the service was made.

11

12                                     *Judith L. Engler*

13                              Judith L. Engler
                               4520-2089

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180-347739.1

# MASTER SERVICE LIST

## *LeMaster, Harry and Carolyn v. CBS Corporation, etc., et al.*

USDC, Northern District of California Case No. CV08-0366-PJH

### Parties Accepting E-Service

| PARTIES | COUNSEL |
|---|---|
| **Plaintiffs**<br>Harry Lemaster<br>Carolyn Lemaster | David R. Donadio<br>BRAYTON PURCELL LLP<br>222 Rush Landing Road<br>Novato, CA 94948-6169<br>Telephone: (415) 8981555<br>Facsimile: (415) 898-1247<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>John B. Goldstein<br>BRAYTON PURCELL LLP<br>222 Rush Landing Road<br>Novato, CA 94948-6169<br>Telephone: (415) 898-1555<br>Facsimile: (415) 898-1247<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Richard Martin Grant<br>BRAYTON PURCELL LLP<br>222 Rush Landing Road<br>Novato, CA 94948-6169<br>Telephone: (415) 8981555<br>Facsimile: (415) 898-1247<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>CBS Corporation | Frank D. Pond<br>POND NORTH LLP<br>350 South Grand Avenue, Suite 2850<br>Los Angeles, CA 90071<br>Telephone: (213) 617-6170<br>Facsimile: (213) 623-3594<br>*LEAD ATTORNEY*<br><br>Kevin D. Jamison |

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180·347739.1

| PARTIES | COUNSEL |
|---|---|
| | POND NORTH LLP<br>350 South Grand Avenue, Suite 2850<br>Los Angeles, CA  90071<br>Telephone:  (213) 617-6170<br>Facsimile:  (213) 623-3594<br>Email:  kjamison@pondnorth.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Jennifer N. Crittondon<br>POND NORTH LLP<br>505 Montgomery Street, 13th Floor<br>San Francisco, CA 94111-2585<br>Telephone:  (415) 217-1240<br>Facsimile:  (415) 394-0484<br>Email:  jcrittondon@pondnorth.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Reliance Electric Company (REICMP) | Evan Craig Nelson<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone:  (415) 617-2400<br>Facsimile:  (415) 617-2409<br>Email: evan.nelson@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY  TO BE NOTICED*<br><br>Timothy Colin Connor<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone:  (415) 617-2400<br>Facsimile:  (415) 617-2409<br>Email: timothy.connor@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Leslie Controls, Inc. | James G. Scadden<br>GORDON & REES LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone:  (415) 986-5900<br>Facsimile:  (415) 986-8054<br>Email: jscadden@gordonrees.com<br>*LEAD ATTORNEY* |

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180-347739.1

| PARTIES | COUNSEL |
|---------|---------|
| | *ATTORNEY TO BE NOTICED*<br><br>Michael J. Pietrykowski<br>GORDON & REES LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 986-5900<br>Facsimile: (415) 986-8054<br><br>Email: mpietrykowski@gordonrees.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Glen R. Powell<br>GORDON & REES LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 986-5900<br>Facsimile: (415) 986-8054<br><br>Email: GPowell@gordonrees.com<br><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Carrier Corporation (CARRCP) | Evan Craig Nelson<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone: (415) 617-2400<br>Facsimile: (415) 617-2409<br>Email: evan.nelson@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Timothy Colin Connor<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone: (415) 617-2400<br>Facsimile: (415) 617-2409<br>Email: timothy.connor@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

6

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

| PARTIES | COUNSEL |
|---------|---------|
|  | Lillian C. Ma<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone: (415) 617-2400<br>Facsimile: (415) 617-2409<br>Email: lillian.ma@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Rockwell Automation, INC. (ROCAUT) | Evan Craig Nelson<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone: (415) 617-2400<br>Facsimile: (415) 617-2409<br>Email: evan.nelson@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Timothy Colin Connor<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone: (415) 617-2400<br>Facsimile: (415) 617-2409<br>Email: timothy.connor@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Lillian C. Ma<br>TUCKER ELLIS & WEST LLP<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>Telephone: (415) 617-2400<br>Facsimile: (415) 617-2409<br>Email: lillian.ma@tuckerellis.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Stickle Steam Specialties CO., INC. (STISTE) | Grace Chen Mori |

7

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

| PARTIES | COUNSEL |
|---|---|
| TRANE US, Inc., fka American Standard, Inc. (AMSTAN) | PRINDLE DECKER & AMARO LLP<br>310 Golden Shore<br>Fourth Floor<br>P.O. Box 22711<br>Long Beach, CA 90802<br>Telephone: (562) 436-3946<br>Facsimile: (562) 495-0564<br>Email: gmori@pdalaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>Thomas Alan Steig<br>PRINDLE DECKER & AMARO LLP<br>310 Golden Shore<br>Fourth Floor<br>P.O. Box 22711<br>Long Beach, CA 90802<br>Telephone: (562) 436-3946<br>Facsimile: (562) 495-0564<br>Email: tsteig@pdalaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

## Parties Being Served By Mail

| | |
|---|---|
| Allis-Chalmers Corporation Product Liability Trust (ALLIS) | KNOX RICKSEN LLP<br>1300 Clay Street, Suite 500<br>Oakland, CA 94612-1427 |
| Crown Cork & Seal Company, Inc. (CC&S) | ARMSTRONG & ASSOCIATES, LLP<br>One Kaiser Plaza, Suite 265<br>Oakland, CA 94612 |
| Hopeman Brothers, Inc. (HOPE)<br>J.T. Thorpe & Sons, Inc. (THORPE)<br>Parker-Hannifin Corporation (PARKHF) | BASSI, MARTINI, EDLIN & BLUM<br>351 California Street, Suite 200<br>San Francisco, CA 94104 |
| Berry & Berry (B&B) | BERRY & BERRY<br>P. O. Box 16070<br>2930 Lakeshore Avenue<br>Oakland, CA 94610 |
| Foster Wheeler LLC (FKA Foster Wheeler Corporation) (FOSTER)<br>Union Carbide Corporation (UNIONC) | BRYDON HUGO & PARKER<br>135 Main Street, 20th Floor<br>San Francisco, CA 94105 |

8

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180-347739.1

| | |
|---|---|
| General Motors Corporation (GM) | FILICE, BROWN, EASSA & MCLEOD LLP<br>1999 Harrison Street, 18th Floor<br>Oakland, CA 94612-0850 |
| Actuant Corporation (ACTCOR)<br>Goodyear Tire & Rubber Company, The (GOODYR)<br>Ingersoll-Rand Company (INGRSL)<br>Leslie Controls, Inc. (LESCON) | GORDON & REES LLP<br>Embarcadero Center West<br>275 Battery Street, 20th Floor<br>San Francisco, CA 94111 |
| John Crane, Inc. (CRANE)<br>Pep Boys Manny Moe & Jack of California, The (PEPBOY) | HASSARD BONNINGTON LLP<br>Two Embarcadero Center<br>Suite 1800<br>San Francisco, CA 94111 |
| Eaton Electrical Inc. (EATELE)<br>IMO Industries, Inc. (IMOIND0 | HOWARD ROME MARTIN & RIDLEY<br>1775 Woodside Road, Suite 200<br>Redwood City, CA 94061 |
| General Dynamics Corporation (GENDYN) | JACKSON &  WALLACE<br>55 Francisco Street<br>Sixth Floor<br>San Francisco, CA 94133 |
| Crane Co. (CRANCO)<br>Square D Company (SQUARE) | KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP<br>55 Second Street<br>Suit 1700<br>San Francisco, CA 94105 |
| Montgomery Ward & Company, Inc. (MWARDS) | KRONISH LIEB WEINER & HELLMAN, LLP<br>Attn: Charles Shaw, Esq.<br>1114 Avenue of the America<br>New York, NY 10036-7798 |
| Garlock Sealing Technologies, LLC (GARLICK) | LAW OFFICES OF GLASPY & GLASPY<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, CA 94596 |
| Uniroyal Holding, Inc. | LAW OFFICES OF NANCY E. HUDGINS<br>565 Commercial, 4th Floor<br>San Francisco, CA 94111 |
| Plant Insulation Company (PLANT) | LEWIS BRISBOIS BISGAARD & SMITH LLP<br>One Sansome Street<br>Suite 1400<br>San Francisco, CA 94104 |
| Metalclad Insulation Corporation (METALC) | MCKENNA LONG & ALDRIDGE<br>101 California Street<br>41st Floor<br>San Francisco, CA 94111 |
| Montgomery Ward & Company, Inc. | John L. Palmer |

9

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180-347739 1

| | |
|---|---|
| (MWARDS) | NACHMAN HAYS BROWNSTEIN, INC.<br>822 Montgomery Ave., Suite 204<br>Narberth, PA 19072 |
| Honeywell International, Inc.<br>(HONEYW) | PERKINS COIE LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111 |
| OWENS-ILLINOIS, INC. (OI) | SCHIFF HARDIN LLP<br>One Market Plaza<br>Spear Street Tower, 32nd Floor<br>San Francisco, CA 94105 |
| GENERAL ELECTRIC (GE) | SEDGWICK, DETERT, MORAN &<br>ARNOLD<br>One Market Plaza<br>Spear Street Tower, 8th Floor<br>San Francisco, CA 94105 |
| Rapid-American Corporation (RAPID) | SONNENSCHEIN NATH & ROSENTHAL,<br>LLP<br>525 Market Street, 26th Floor<br>San Francisco, CA 94105-2708 |
| Lamons Gasket Company (LAMONS) | VASQUEZ, ESTRADA & DUMONT, LLP<br>COURTHOUSE SQUARE<br>1000 Fourth Street, Suite 700<br>San Rafael, CA 94901 |
| Quintec Industries, Inc. (QUINTC)<br>Thomas Dee Engineering Co., (DEE) | WALSWORTH, FRANKLIN, BEVINS &<br>MCCALL<br>601 Montgomery Street, 9th Floor<br>San Francisco, CA 94111 |
| Asbestos Corporation Limited (ASBLTD) | WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER LLP<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105-2725 |

10

NOTICE OF LODGING DOCUMENTS FILED IN STATE COURT ACTION

4520-2180 347739 1